1  BRANDON C. FERNALD (SBN 222429)
   brandon.fernald@fernaldlawgroup.com
2  FERNALD LAW GROUP LLP
   510 W. 6th Street, Suite 700
3  Los Angeles, CA 90014
   Tel:  323-410-0320
4  Fax:  323-410-0330

5  *ATTORNEYS FOR PLAINTIFF AND THE PROPOSED CLASSES*

8              UNITED STATES DISTRICT COURT
9              CENTRAL DISTRICT OF CALIFORNIA

10 | LISA SANDLER, an individual, and others similarly situated, | Case No.
   | Plaintiff, | **CLASS ACTION COMPLAINT FOR VIOLATION OF (1) FEDERAL CREDIT CARD ACT—15 USC § 1693 ET SEQ.; (2) CAL. CIV. CODE § 1749.5; (3) CAL. BUS. & PROF. CODE § 17200; REQUEST FOR DAMAGES, RESTITUTION AND INJUNCTIVE RELIEF**
   | v. |
   | ISTOCKPHOTO LP, a Canadian corporation; and DOES 1-10, inclusive, |
   | Defendants. | **DEMAND FOR ATTORNEYS' FEES PURSUANT TO CAL. CIV. PROC. § 1021.5**
   | | **DEMAND FOR JURY TRIAL**

**CLASS ACTION COMPLAINT FOR VIOLATION OF FEDERAL CARD ACT, CAL. CIV. CODE § 1749.5; AND CAL. BUS. & PROF. CODE § 17200**

{2380011.2}

# I. INTRODUCTION

1. Plaintiff Lisa Sandler ("Ms. Sandler" or "Plaintiff"), brings this nationwide action (and California subclass) on behalf of herself and on behalf of all similarly situated users of Defendant iStockphoto LP's ("iStockphoto" or "Defendant") stock photography/imagery website that purchased pre-paid tranches of "credits" that later expired.

2. Up until on or around December 2014, iStockphoto required users under its "Pay-as-you-go" credit model to buy tranches of credits to license stock photography/images from the iStockphoto website. These credits would then expire if not used within 1 year of purchase. Ms. Sandler, like scores of others in the proposed class that used iStockphoto's website, had credits she purchased expire after just 1 year.

3. This 1 year expiration policy resulted in numerous customer complaints, Twitter rants, and the like. iStockphoto was well aware of these complaints yet chose to continue its 1 year expiration policy until December 2014.

4. In or about December 2014, iStockphoto instituted a "revised" expiration policy, which in practice was no better than the previous one. iStockphoto's new policy now claims that "credits never expire"—a statement that is simply not true. Credits do still expire after 1 year unless a user logs onto his/her account before the 1 year expiration deadline.

5. iStockphoto's previous 1 year expiration practice (and its revised replacement) is *per se* illegal and a violation of multiple federal and California state laws that prohibit unfair/illegal business practices and the expiring of electronic promises/gift certificates in just 1 year. Specifically, federal law limits such practice to no less than 5 years and California law prohibits such credits from ever expiring.

6. iStockphoto's 1 year expiration policy has caused damage to Ms. Sandler and scores of other proposed class members that bought credits from iStockphoto's website that then expired.

## II. PARTIES

**A.    Plaintiff Lisa Sandler**

7.    Plaintiff Lisa Sandler is a California citizen who resides in Los Angeles County, California.

8.    She first made a purchase of credits from iStockphoto on May 5, 2009, with additional purchases on June 28, 2009, March 6, 2011 and finally June 2, 2011. These were purchased using her computer in California. On at least two of those instances, June 28, 2009 and June 2, 2011, credits she purchased were expired by iStockphoto after 1 year. In fact, fully 20% of the credits she bought on June 2, 2011 were expired by iStockphoto 1 year later, in June of 2012.

**B.    Defendant iStockPhoto LP**

9.    On information and belief, Defendant iStockphoto LP is a Canadian corporation, headquartered in Calgary, Alberta, Canada that operates a stock photography/image website accessible from California and the USA, wherein images can be purchased on a pay as you go credit model or through a subscription.

10.    On information and belief, iStockphoto was acquired by Getty Images, Inc., an American corporation with its headquarters in Seattle, Washington, USA. On information and belief, in 2012, Getty Images, Inc. was acquired by and is currently owned by The Carlyle Group, an American private equity company headquartered in Washington D.C., USA.

11.    Plaintiff is not aware of the true names and capacities of the defendants identified herein as Does 1 through 10, inclusive, and therefore fictitiously names said defendants. Plaintiff will amend this Complaint to allege the true names and capacities of these fictitiously named defendants when their identities are ascertained.

12.    Plaintiff is informed and believes, and thereon alleges, that iStockphoto and each of the fictitiously named Doe defendants (collectively "Defendants") were in some manner responsible for the acts alleged herein and the harm, losses and

**CLASS ACTION COMPLAINT FOR VIOLATION OF FEDERAL CARD ACT, CAL. CIV. CODE § 1749.5: AND CAL.**

{2380011.2}

damages suffered by Plaintiff as alleged hereinafter. Plaintiff is also informed and believes that, while participating in such acts, each Defendant was the agent, alter ego, conspirator, and aidor and abettor of the other Defendants and was acting in the course and scope of such agency and/or acted with the permission, consent, authorization or ratification of the other Defendants.

13.     As described further below, iStockphoto conducts business and distributes images in the greater Los Angeles area, California and throughout the United States.

### III. JURISDICTION AND VENUE

14.     This action arises under 15 U.S.C. § 1693 *et seq.* and the statutory law of the State of California. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332 (diversity), 28 U.S.C. §1331 (federal question) and 15 U.S.C. § 1693 *et seq.* (Federal Credit CARD Act of 2009 claims).

15.     Venue is proper in this District pursuant to 28 U.S.C. §§ 1391(b) and 1400 because a substantial part of the events giving rise to the claims occurred in this District.

### IV. FACTUAL ALLEGATIONS COMMON TO ALL CLAIMS

16.     This nationwide action (and California subclass) seeks redress for iStockphoto's violation of multiple federal and California state laws designed to protect purchasers of so-called electronic promises from premature expiration. In this case, the expiration of purchased credits after just 1 year.

17.     iStockphoto, founded in 2000, operates an online stock photography/image website accessible from California and the USA, wherein images can be purchased on a pay as you go credit model or through a subscription.

18.     It is part of an increasingly large online market for digital stock photography that is estimated to grow from $4 billion a year in 2011 to approximately $6 billion a year in 2016.

**CLASS ACTION COMPLAINT FOR VIOLATION OF FEDERAL CARD ACT, CAL. CIV. CODE § 1749.5: AND CAL.**

{2380011.2}

19. With the increasing use of social media, movement to digital content, and use of digital images in increasing aspects of personal and business life, the stock photography/image business is anticipated to continue to grow in the coming years.

20. Concurrent with the above trends, and with the proliferation of the Internet and online buying and the increasing use of electronic gift certificates and other forms of electronic promises, many businesses, including those operating primarily or exclusively through a website portal like iStockphoto, have seen large use of electronic credit for later use with that business.

21. This practice allows a quick infusion of money into the business without the accompanying immediate need for output of product or service to the user/buyer/customer.

22. It also provides no strings attached additional revenue—and significant amounts of it. Many electronic promise/gift certificate users often fail to use all of the purchased available credit, whether for lack of need, forgetting about it, lost proof of purchase, or denial of use after an imposed expiration period.

23. Recent studies have found that nearly 2/3 of American consumers use gift certificates, yet 40% of them do not use the entire value of the gift certificate. In fact, it is estimated that since 2008 alone, nearly $44 billion in credit has gone unused in the United States alone.

24. Given these statistics, and the seeming abuse by businesses, Congress and many states have passed laws seeking to limit the ability of businesses in expiring gift certificates/electronic promises.

25. Congress enacted The Federal Credit CARD Act of 2009, 15 USC §1693 *et seq.* ("the CARD Act"), in part, to protect users and consumers of gift certificates/electronic promises. With certain exceptions not relevant here, the CARD Act prohibits the sale of "electronic promises" that expire before 5 years.

26. The CARD Act defines "gift certificate" as follows (Section 915(B)):

5

CLASS ACTION COMPLAINT FOR VIOLATION OF FEDERAL CARD ACT, CAL. CIV. CODE § 1749.5: AND CAL.

{2380011.2}

Case 2:15-cv-03659-SVW-JEM Document 1 Filed 05/14/15 Page 6 of 18 Page ID #:6

``(B) Gift certificate.--The term `gift certificate'
means an electronic promise that is--
``(i) redeemable at a single merchant or an
affiliated group of merchants that share the same
name, mark, or logo;
``(ii) issued in a specified amount that may
not be increased or reloaded;
``(iii) purchased on a prepaid basis in
exchange for payment; and
``(iv) honored upon presentation by such
single merchant or affiliated group of merchants"

27. Section 915(c) of the CARD Act outlines the prohibition of expiration before 5 years:

"PROHIBITION ON SALE OF GIFT CARDS WITH EXPIRATION DATES—

(1) IN GENERAL.—Except as provided under paragraph (2), <u>it shall be unlawful</u> for any person <u>to sell or issue a gift certificate</u>, store gift card, or general-use prepaid card <u>that is subject to an expiration date</u>.

(2) EXCEPTIONS.—A gift certificate, store gift card, or general-use prepaid card may contain an expiration date if—

(A) <u>the expiration date is not earlier than 5 years</u> after the date on which the gift certificate was issued, or the date on which card funds were last loaded to a store gift card or general-use prepaid card; and

(B) the terms of expiration are clearly and conspicuously stated. (emphasis added).

28. California state law is in accord, but prohibits gift certificates from ever expiring.

6

**CLASS ACTION COMPLAINT FOR VIOLATION OF FEDERAL CARD ACT, CAL. CIV. CODE § 1749.5: AND CAL.**

{2380011.2}

29. California Civil Code § 1749.5 states, "(a) It is unlawful for any person or entity to sell a gift certificate to a purchaser that contains any of the following: (1) <u>an expiration date</u>…" (emphasis added). "Gift certificates" are defined under California Civil Code § 1749.6 as follows: "(a) A gift certificate constitutes value held in trust by the issuer of the gift certificate on behalf of the beneficiary, or to the legal representative of the beneficiary to the extent provided by law, and not to the issuer."

30. Violation of the CARD Act and/or California Civil Code § 1749.5 is and unfair and illegal business practice prohibited by California's Unfair Competition Law Cal. Bus. & Prof. Code § 17200.

31. Here, iStockphoto offers its customers the ability to buy credit[s] or tranches of credits (electronic promise) for later use on its website to license stock photography/images.

32. iStockphoto's credits and credit packs qualify as "gift certificates" under both the CARD Act and California Civil Code § 1749.5 as they (1) are an electronic promise redeemable at a single merchant; (2) are issued in specified amounts (new credit packs may be purchased but each pack is not reloadable and the expiration dates are applied separately to each individual credit pack purchase); (3) are purchased on a prepaid basis; and (4) are honored upon presentation to iStockphoto only.

33. Up until December 2014, any unused portion of credit purchased on iStockphoto's website by a user would automatically expire 1 year later and no longer be usable. Although iStockphoto instituted a "revised" expiration policy in or about December 2014 purporting to do away with expiring credits—it is really no better than the previous one. Credits do still expire after 1 year unless a user logs onto his/her account before the 1 year expiration deadline.

34. Given the inherent high levels of failure to use credit, combined with iStockphoto's policy of expiring credit after just 1 year, iStockphoto credit model

provided it the opportunity to make significant revenue with no accompanying need to license and provide product to the user purchasing the credit.

35. Ms. Sandler was one such user damaged by this illegal and unfair expiration practice. She first made a purchase of credits from iStockphoto on May 5, 2009, with additional purchases on June 28, 2009, March 6, 2011 and finally June 2, 2011. These were purchased using her computer in California. On at least two of those instances, June 28, 2009 and June 2, 2011, credits she purchased were expired by iStockphoto after 1 year. In fact, fully 20% of the credits she bought on June 2, 2011 were expired by iStockphoto 1 year later, in June of 2012.

36. There are many other users of iStockphoto's credit system that suffered and continue to suffer damage from iStockphoto's 1 year expiration practice.

37. Plaintiff therefore seeks injunctive and monetary relief for herself and those similarly situated nationwide and in California and who were injured by iStockphoto's illegal and unfair 1 year expiration policy of credits.

## V. CLASS ACTION ALLEGATIONS

38. Plaintiff brings this nationwide action and California subclass on her own behalf and on behalf of all persons similarly situated pursuant to Federal Rules of Civil Procedure 23(a) and (b)(3). This action satisfies the numerosity, typicality, ascertainability, commonality, adequacy, predominance and superiority requirements.

39. Plaintiff seeks to represent the following classes:

Nationwide: All users of iStockphoto's stock photography/image website that purchased pre-paid credit[s] or tranches of credits for use on the website that later expired within the applicable statute of limitations ("Nationwide Class").

California: All California users of iStockphoto's stock photography/image website that purchased pre-paid credit[s] or tranches of credits for use on the website that later expired within the applicable statute of limitations ("California Class").

8

**CLASS ACTION COMPLAINT FOR VIOLATION OF FEDERAL CARD ACT, CAL. CIV. CODE § 1749.5: AND CAL.**

{2380011.2}

40.     <u>Numerosity</u>:  Although the exact number of Class Members (defined as members in the nationwide and California subclass) is uncertain and can only be ascertained through appropriate discovery (and defendant's records), the number is likely in the thousands (or tens of thousands) and great enough such that joinder is impracticable.  The disposition of the claims of these Class Members in a single class action will thus provide substantial benefits to all parties and the Court.

41.     <u>Typicality</u>: Plaintiff's claims are typical of the claims of the nationwide and California subclass, in that Plaintiff, like all Class Members, purchased credits from iStockphoto's website that later expired.  Plaintiff, like all Class Members, also suffered damage from iStockphoto's 1 year expiration policy in that purchased credits were expired and rendered unusable to buy stock photography/images.  Further, the factual bases of iStockphoto's misconduct of prematurely expiring purchased credits after just 1 year is common to and resulted in injury to Plaintiff and all Members of the Classes.

42.     <u>Ascertainability</u>: Plaintiff is a member of two finite and easily ascertainable classes of users of iStockphoto's stock photography/image website that purchased pre-paid credit[s] or tranches of credits for use on the website that later expired.  They are all similarly situated and similarly affected by Defendant iStockphoto's 1 year expiration policy.  Members of the Classes are ascertainable from Plaintiff's description of the Classes and/or from Defendant's records.

43.     <u>Commonality</u>: Common questions of law and fact impact the rights of each Member of the Classes and a common remedy by way of permissible damages, restitution and injunctive relief that is sought for the Classes.  These numerous and substantial questions of law and fact common to Plaintiff and all Members of the Classes will predominate over any individual issues.  These common questions of law and fact include, without limitation:

<u>Nationwide</u>:

a. Whether credit[s] or credit tranches purchased on iStockphoto's website are "gift certificates" or "electronic promises" under the CARD Act;

b. Whether iStockphoto's 1 year expiration policy of unused credits purchased on its website is a violation of the CARD Act;

c. Whether iStockphoto's knew or should have known that its 1 year expiration policy of unused credits purchased on its website was a violation of the CARD Act;

d. Whether based upon the factors outlined in 15 USC §1693m(b) of the CARD Act, iStockphoto should be assessed, in addition to restitution and actual damages to each nationwide class member, the lesser of $500,000 or 1 per centum of the net worth of iStockphoto;

e. Whether Plaintiff and the nationwide class are entitled to restitution, damages, statutory award, and/or injunctive relief;

f. Whether Plaintiff and the nationwide class are entitled to refund and/or reinstatement of expired credit[s].

California:

g. Whether credit[s] or credit tranches purchased on iStockphoto's website are "gift certificates" or "electronic promises" under the CARD Act;

h. Whether credit[s] or credit tranches purchased on iStockphoto's website are "gift certificates" under California Civil Code § 1749.5 *et seq.*;

i. Whether iStockphoto's 1 year expiration policy of unused credits purchased on its website is a violation of the CARD Act;

j. Whether iStockphoto's 1 year expiration policy of unused credits purchased on its website is a violation of California Civil Code § 1749.5 *et seq.*;

k. Whether iStockphoto's 1 year expiration policy of unused credits purchased on its website is an unfair business practice under California's Unfair Competition Law Cal. Bus. & Prof. Code § 17200;

{2380011.2}

    l. Whether iStockphoto's 1 year expiration policy of unused credits purchased on its website is an unlawful business practice under California's Unfair Competition Law Cal. Bus. & Prof. Code § 17200;

    m. Whether iStockphoto's knew or should have known that its 1 year expiration policy of unused credits purchased on its website was a violation of the CARD Act;

    n. Whether iStockphoto's knew or should have known that its 1 year expiration policy of unused credits purchased on its website was a violation of California Civil Code § 1749.5 *et seq.*;

    o. Whether Plaintiff and the California class are entitled to restitution and/or injunctive relief;

    p. Whether Plaintiff and the California class are entitled to refund and/or reinstatement of expired credit[s].

44. <u>Adequate Representation</u>: The representative Plaintiff will fairly and adequately represent the Members of the Classes and has no interests which are antagonistic to the claims of the Classes. Plaintiff has retained counsel who are competent and experienced in consumer class action litigation.

45. <u>Predominance and Superiority</u>: Plaintiff and the Members of the Classes have all suffered and will continue to suffer harm and damages due to iStockphoto's wrongful expiration policy. A class action is superior to other methods for the fair and efficient adjudication of the subject controversy, because absent a class action, most proposed members of the Classes' individual claims are relatively small and will therefore likely find the cost of litigating their individual claims to be prohibitive and will have no effective remedy at all. Accordingly, absent a class action the proposed Class Members' injuries will not be redressed and Defendant's misconduct will proceed without remedy. Class treatment of common questions of law and fact is also superior to multiple individual actions or piecemeal

11     CLASS ACTION COMPLAINT FOR VIOLATION OF FEDERAL CARD ACT, CAL. CIV. CODE § 1749.5: AND CAL.

{2380011.2}

litigation in that it conserves the resources of the courts and litigants and promotes consistency and efficiency of adjudication.

46. iStockphoto acted on grounds generally applicable to the entire class, thereby making final injunctive relief or corresponding declaratory relief appropriate with respect to the class as a whole. Prosecution of separate actions by individual Members of the Classes would create the risk of inconsistent or varying adjudications with respect to individual Members of the Classes that would establish incompatible standards of conduct for Defendant iStockphoto.

47. Without a class action, Defendant iStockphoto will likely retain the benefit of their wrongdoing and will continue a course of action, which will result in further damages to Plaintiff and the Classes. Plaintiff envisions no difficulty in the management of this action as a class action.

## FIRST CLAIM FOR RELIEF

**(Violation of The Federal Credit CARD Act of 2009, 15 USC §1693 *et seq.*)**

(Nationwide and California Subclass)

48. Plaintiff incorporates by reference Paragraphs 1 through 47 above as though fully set forth herein.

49. Defendant iStockphoto operates a website accessible in California and nationwide wherein a user under its "Pay-as-you-go" credit model can purchase credits[s] or tranches of credits to license stock photography/images from the website.

50. These credits qualify as "gift certificates" under the CARD Act (15 USC §1693 *et seq.*) in that they (1) are an electronic promise redeemable at a single merchant; (2) are issued in specified amounts (new credit packs may be purchased but each pack is not reloadable and the expiration dates are applied separately to each individual credit pack purchase); (3) are purchased on a prepaid basis; and (4) are honored upon presentation to iStockphoto only. They are therefore subject to the expiration limits incorporated in the law—in particular no less than 5 years.

51. iStockphoto violated the CARD Act expiration limit by maintaining a policy in which credits purchased on its website would expire if not used within 1 year of purchase. Although iStockphoto instituted a "revised" expiration policy in or about December 2014 purporting to do away with expiring credits, they do still expire after 1 year unless a user logs onto his/her account before the 1 year expiration deadline. iStockphoto therefore continues to violate the CARD Act.

52. Ms. Sandler and Class Members are users that purchased credit[s] iStockphoto's website and then had those credit[s] expire after just 1 year, causing them injury and damage.

53. iStockphoto knew or should have known that its 1 year expiration policy was illegal and a violation of the CARD Act, nonetheless, it continued and continues to this day its 1 year expiration policy of credit[s]. This must be stopped.

54. As a direct and proximate result of iStockphoto's actions and its 1 year expiration policy in violation of the CARD Act, Plaintiff and the Classes have suffered and will continue to suffer damages.

55. Plaintiff and the Classes are entitled to injunctive relief, restitution, refund or reinstatement of the expired credit[s], attorneys' fees and costs and as to the nationwide class only, damages and a statutory assessment pursuant to 15 USC §1693m(b) of the CARD Act of the lesser of $500,000 or 1 per centum of the net worth of iStockphoto.

## SECOND CLAIM FOR RELIEF

**(Violation of California Civil Code § 1749.5 *et seq.*)**

(California Subclass only)

56. Plaintiff incorporates by reference Paragraphs 1 through 55 above as though fully set forth herein.

57. Defendant iStockphoto operates a website accessible in California and nationwide wherein a user under its "Pay-as-you-go" credit model can purchase

credits[s] or tranches of credits to license stock photography/images from the website.

58. These credits qualify as "gift certificates" under California Civil Code § 1749.5 *et seq.* in that they are "value held in trust by the issuer of the gift certificate on behalf of the beneficiary, or to the legal representative of the beneficiary to the extent provided by law, and not to the issuer. They are therefore subject to the expiration limit incorporated in the law—in particular that no expiration limit may be imposed.

59. iStockphoto violated Cal. Civ. Code § 1749.5 *et seq.* no expiration limit by maintaining a policy in which credits purchased on its website would expire if not used within 1 year of purchase. Although iStockphoto instituted a "revised" expiration policy in or about December 2014 purporting to do away with expiring credits, they do still expire after 1 year unless a user logs onto his/her account before the 1 year expiration deadline. iStockphoto therefore continues to violate Cal. Civ. Code § 1749.5 *et seq.*

60. Ms. Sandler and other California subclass members are California users that purchased credit[s] iStockphoto's website and then had those credit[s] expire after just 1 year, causing them injury and damage.

61. iStockphoto knew or should have known that its 1 year expiration policy was illegal and a violation of Cal. Civ. Code § 1749.5 *et seq.*, nonetheless, it continued and continues to this day its 1 year expiration policy of credit[s]. This must be stopped.

62. As a direct and proximate result of iStockphoto's actions and its 1 year expiration policy in violation of Cal. Civ. Code § 1749.5 *et seq.* Plaintiff and the California subclass have suffered and will continue to suffer damages.

63. Plaintiff and the California subclass are entitled to injunctive relief, restitution, and/or refund or reinstatement of the expired credit[s]. Additionally, Plaintiff and the California subclass seek attorneys' fees and costs.

## THIRD CLAIM FOR RELIEF

**(Violation of California's Unfair Competition Law Cal. Bus. & Prof. Code § 17200)**

(California Subclass only)

64. Plaintiff incorporates by reference Paragraphs 1 through 63 above as though fully set forth herein.

65. Defendant iStockphoto operates a website accessible in California and nationwide wherein a user under its "Pay-as-you-go" credit model can purchase credits[s] or tranches of credits to license stock photography/images from the website.

66. These credits qualify as "gift certificates" under both the CARD Act and California Civil Code § 1749.5 *et seq.* and are therefore subject to the expiration limits and protections found in those laws—5 years and no expiration allowed, respectively.

67. Despite these limits, iStockphoto maintained a policy in which credits purchased on its website would expire if not used within 1 year of purchase. Moreover, although iStockphoto instituted a "revised" expiration policy in or about December 2014 purporting to do away with expiring credits, they do still expire after 1 year unless a user logs onto his/her account before the 1 year expiration deadline. Either policy did and continues to violate the CARD Act and Cal. Civ. Code § 1749.5 *et seq.* This must be stopped.

68. Ms. Sandler and California subclass members are California users that purchased credit[s] iStockphoto's website and then had those credit[s] expire after just 1 year, causing them injury and damage.

69. This 1 year expiration practice by Defendant iStockphoto violates Cal. Bus. & Prof. Code § 17200 in as much as it is a unlawful violation of the CARD Act and Cal. Civ. Code § 1749.5 *et seq.*

CLASS ACTION COMPLAINT FOR VIOLATION OF FEDERAL CARD ACT, CAL. CIV. CODE § 1749.5: AND CAL.

{2380011.2}

70. This 1 year expiration practice by Defendant iStockphoto similarly violates Cal. Bus. & Prof. Code § 17200 in as much as it is unfair to the credit users of iStockphoto's website that should not have had their credit[s] expired by iStockphoto after just one year.

71. As a direct and proximate result of iStockphoto's actions and its 1 year expiration policy, Plaintiff and the California subclass have suffered and will continue to suffer damages.

72. Defendant iStockphoto, through it unlawful and unfair 1 year expiration practice has profited from Plaintiff and California subclass members by confiscating credit[s] improperly expired. Plaintiff and the California subclass are therefore entitled to injunctive relief, restitution, and/or refund or reinstatement of the expired credit[s]. Additionally, Plaintiff and the California subclass seek attorneys' fees (pursuant to Cal. Civ. Proc. § 1021.5) and costs.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment against Defendant on her behalf and on behalf of the Classes as follows:

1. Damages in an amount to be determined at trial (nationwide class only);

2. Restitution in an amount to be determined at trial;

3. A permanent injunction enjoining Defendant iStockphoto from violating the CARD Act;

4. A permanent injunction enjoining Defendant iStockphoto from violating Cal. Civ. Code § 1749.5 *et seq.* or Cal. Bus. & Prof. Code § 17200 with respect to expiring credit[s] after just 1 year (California subclass only);

5. An assessment pursuant to 15 USC §1693m(b) of the CARD Act of the lesser of $500,000 or 1 per centum of the net worth of iStockphoto (nationwide class only);

6. Costs of suit;

**CLASS ACTION COMPLAINT FOR VIOLATION OF FEDERAL CARD ACT, CAL. CIV. CODE § 1749.5: AND CAL.**

{2380011.2}

7. Attorneys' fees as allowed by law;

8. Prejudgment and post-judgment interest as allowed by law; and

9. Such other and further relief, in law or in equity, as the Court may deem just and proper.

Dated: May 14, 2015                    FERNALD LAW GROUP LLP

By: /s Brandon C. Fernald
Brandon C. Fernald
Attorneys for Plaintiff
LISA SANDLER and PROPOSED CLASS

17

CLASS ACTION COMPLAINT FOR VIOLATION OF FEDERAL CARD ACT, CAL. CIV. CODE § 1749.5: AND CAL.

{2380011.2}

## **DEMAND FOR JURY TRIAL**

Plaintiff, on her behalf, and on behalf of the Classes, hereby demands a trial by jury on all issues properly triable by jury.

Dated: May 14, 2015

FERNALD LAW GROUP LLP

By: /s Brandon C. Fernald
Brandon C. Fernald
Attorneys for Plaintiff
LISA SANDLER AND PROPOSED CLASS