1  BRANDON C. FERNALD (SBN 222429)
   brandon.fernald@fernaldlawgroup.com
2  FERNALD LAW GROUP LLP
   510 W. 6th Street, Suite 700
3  Los Angeles, CA 90014
   Tel:   323-410-0320
4  Fax:   323-410-0330

5  Attorneys for Plaintiffs
   LISA SANDLER, ASIF AHMED and PROPOSED CLASS
6

7

8

9                    UNITED STATES DISTRICT COURT

10                  CENTRAL DISTRICT OF CALIFORNIA

11  LISA SANDLER, an individual, ASIF      )  Case No.  2:15-cv-03659-MMM-JEM
    AHMED, an individual, and others       )
12  similarly situated,                    )  **FIRST AMENDED CLASS ACTION
                                           )  COMPLAINT FOR VIOLATION OF**
13              Plaintiffs,                )
                                           )  **(1) CAL. CIV. CODE § 1749.5**
14          v.                             )
                                           )  **(2) CAL. BUS. & PROF. CODE
15  ISTOCKPHOTO LP, a Canadian             )      § 17200**
    corporation; and DOES 1-10, inclusive, )
16                                         )  **(3) CAL. BUS. & PROF. CODE
                Defendants.                )      § 17500**
17                                         )
                                           )  **(4) UNJUST ENRICHMENT**
18                                         )
                                           )  **(5) REQUEST FOR RESTITUTION
19  _____ )      AND INJUNCTIVE RELIEF**
                                           )
20                                         )  **DEMAND FOR ATTORNEYS'
                                           )  FEES PURSUANT TO CAL. CIV.
21                                         )  PROC. § 1021.5**
                                           )
22                                         )  **DEMAND FOR JURY TRIAL**
                                           )
23                                         )

24

25

26

27

28

# I. INTRODUCTION

1.      Plaintiffs Lisa Sandler ("Ms. Sandler") and Asif Ahmed ("Mr. Ahmed" together "Plaintiffs"), bring this California class action on behalf of themselves and on behalf of all similarly situated users of Defendant iStockphoto LP's ("iStockphoto" or "Defendant") stock photography/imagery website that purchased pre-paid tranches of "credits" that later expired.

2.      Up until on or around December 2014, iStockphoto required users under its "Pay-as-you-go" credit model to buy tranches of credits to then obtain/purchase stock photography/images from the iStockphoto website.  These credits would then expire if not used within 1 year of purchase.  Ms. Sandler and Mr. Ahmed, like scores of others in the proposed class that used iStockphoto's website, had credits purchased expire after just 1 year.

3.      This 1 year expiration policy resulted in numerous customer complaints, Twitter rants, and the like.  iStockphoto was well aware of these complaints yet chose to continue its 1 year expiration policy until December 2014.

4.      In or about December 2014, iStockphoto instituted a "revised" expiration policy, which in practice was no better than the previous one.  iStockphoto's new policy now claims that "credits never expire"—a statement that is simply not true. Credits do still expire after 1 year unless a user logs onto his/her account before the 1 year expiration deadline.

5.      iStockphoto's previous 1 year expiration practice (and its revised replacement) is *per se* illegal and a violation of multiple federal and California state laws that prohibit unfair/illegal business practices and the expiring of electronic promises/gift certificates in just 1 year.  Specifically, federal law limits such practice to no less than 5 years and California law prohibits such credits from ever expiring.

6.      These unfair and illegal practices have allowed iStockphoto to unjustly enrich itself.

7.    iStockphoto's 1 year expiration policy has caused damage to Plaintiffs and scores of other proposed class members that bought credits from iStockphoto's website that then expired.

## II. PARTIES

**A.    Plaintiff Lisa Sandler**

8.    Plaintiff Lisa Sandler is a California citizen who resides in Los Angeles County, California.

9.    She first made a purchase of credits from iStockphoto on May 5, 2009 ($70), with additional purchases on June 28, 2009 ($165), March 6, 2011 ($39.50) and finally June 2, 2011 ($75).   Each of these purchases of credits was treated as separate purchases by iStockphoto, with separate expiration dates for each.   They were purchased using her computer in California.   On at least two of those instances, June 28, 2009 and June 2, 2011, credits she purchased were expired by iStockphoto after 1 year.   In fact, fully 20% of the credits she bought on June 2, 2011 were expired by iStockphoto 1 year later, in June of 2012.

**B.    Plaintiff Asif Ahmed**

10.    Plaintiff Asif Ahmed is a California citizen who resides in Los Angeles County, California.

11.    He made a $400 purchase of credits from iStockphoto on April 27, 2012. These were purchased using his computer in California.   On February 24, 2013, he used some of the credits to obtain/purchase stock photography/images from Defendant, but the remainder was expired by iStockphoto on or about October 30, 2013.

**C.    Defendant iStockPhoto LP**

12.    On information and belief, Defendant iStockPhoto LP is a Canadian corporation, headquartered in Calgary, Alberta, Canada that operates a stock

3

1   photography/image website accessible from California and the USA, wherein images
2   can be purchased on a pay as you go credit model or through a subscription.

3       13.    On information and belief, iStockphoto was acquired by Getty Images,
4   Inc., an American corporation with its headquarters in Seattle, Washington, USA.  On
5   information and belief, in 2012, Getty Images, Inc. was acquired by and is currently
6   owned by The Carlyle Group, an American private equity company headquartered in
7   Washington D.C., USA.

8       14.    Plaintiff is not aware of the true names and capacities of the defendants
9   identified herein as Does 1 through 10, inclusive, and therefore fictitiously names said
10  defendants.   Plaintiff will amend this Complaint to allege the true names and
11  capacities of these fictitiously named defendants when their identities are ascertained.

12      15.    Plaintiff is informed and believes, and thereon alleges, that iStockphoto
13  and each of the fictitiously named Doe defendants (collectively "Defendants") were
14  in some manner responsible for the acts alleged herein and the harm, losses and
15  damages suffered by Plaintiff as alleged hereinafter.  Plaintiff is also informed and
16  believes that, while participating in such acts, each Defendant was the agent, alter ego,
17  conspirator, and aidor and abettor of the other Defendants and was acting in the course
18  and scope of such agency and/or acted with the permission, consent, authorization or
19  ratification of the other Defendants.

20      16.    As described further below, iStockphoto conducts business and
21  distributes images in the greater Los Angeles area, California and throughout the
22  United States.

23                      **III. JURISDICTION AND VENUE**

24      17.    This action arises under 15 U.S.C. § 1693 *et seq.* and the statutory law
25  of the State of California.  This Court has subject matter jurisdiction over this action
26  pursuant to 28 U.S.C. § 1332 (diversity).

27

28

4

18.     Venue is proper in this District pursuant to 28 U.S.C. §§ 1391(b) and 1400 because a substantial part of the events giving rise to the claims occurred in this District.

### IV. FACTUAL ALLEGATIONS COMMON TO ALL CLAIMS

19.     This California class action seeks redress for iStockphoto's violation of multiple federal and California state laws designed to protect purchasers of so-called electronic promises from premature expiration.   In this case, the expiration of purchased credits after just 1 year.  It also seeks restitution to recover these expired credits on the basis that they were unjustly expired by iStockphoto to improperly enrich itself.

20.     iStockphoto, founded in 2000, operates an online stock photography/image website accessible from California and the USA, wherein licensed images can be purchased on a pay as you go credit model or through a subscription.

21.     It is part of an increasingly large online market for digital stock photography that is estimated to grow from $4 billion a year in 2011 to approximately $6 billion a year in 2016.

22.     With the increasing use of social media, movement to digital content, and use of digital images in increasing aspects of personal and business life, the stock photography/image business in anticipated to continue to grow in the coming years.

23.     Concurrent with the above trends, and with the proliferation of the Internet and online buying and the increasing use of electronic gift certificates and other forms of electronic promises, many businesses, including those operating primarily or exclusively through a website portal like iStockphoto, have seen large use of electronic credit for later use with that business.

24.    This practice allows a quick infusion of money into the business without the accompanying immediate need for output of product or service to the user/buyer/customer.

25.    It also provides no strings attached additional revenue—and significant amounts of it.  Many electronic promise/gift certificate users often fail to use all of the purchased available credit, whether for lack of need, forgetting about it, lost proof of purchase, or denial of use after an imposed expiration period.

26.    Recent studies have found that nearly 2/3 of American consumers use gift certificates, yet 40% of them do not use the entire value of the gift certificate.  In fact, it is estimated that since 2008 alone, nearly $44 billion in credit has gone unused in the United States alone.

27.    Given these statistics, and the seeming abuse by businesses, Congress and many states have passed laws seeking to limit the ability of businesses in expiring gift certificates/electronic promises.

28.    Congress enacted The Federal Credit CARD Act of 2009, 15 USC §1693 *et seq.* ("the CARD Act"), in part, to protect users and consumers of gift certificates/electronic promises.  With certain exceptions not relevant here, the CARD Act prohibits the sale of "electronic promises" that expire before 5 years.

29.    The CARD Act defines "gift certificate" as follows (Section 915(B)):

``(B) Gift certificate.--The term `gift certificate'

means an electronic promise that is--

``(i) redeemable at a single merchant or an

affiliated group of merchants that share the same

name, mark, or logo;

``(ii) issued in a specified amount that may

not be increased or reloaded;

``(iii) purchased on a prepaid basis in

1        exchange for payment; and

2                ``(iv) honored upon presentation by such

3        single merchant or affiliated group of merchants"

4        30.     Section 915(c) of the CARD Act outlines the prohibition of expiration

5 before 5 years:

6        "PROHIBITION ON SALE OF GIFT CARDS WITH EXPIRATION

7        DATES—

8        (1) IN GENERAL.—Except as provided under paragraph (2), it shall be

9        unlawful for any person to sell or issue a gift certificate, store gift card, or

10       general-use prepaid card that is subject to an expiration date.

11       (2) EXCEPTIONS.—A gift certificate, store gift card, or general-use prepaid

12       card may contain an expiration date if—

13       (A) the expiration date is not earlier than 5 years after the date on which the gift

14       certificate was issued, or the date on which card funds were last loaded to a

15       store gift card or general-use prepaid card; and

16       (B) the terms of expiration are clearly and conspicuously stated.  (emphasis

17       added).

18       31.     California state law is in accord, but prohibits gift certificates from ever

19 expiring.

20       32.     California Civil Code § 1749.5 states, "(a) It is unlawful for any person

21 or entity to sell a gift certificate to a purchaser that contains any of the following: (1)

22 an expiration date…"  (emphasis added).  "Gift certificates" are defined under

23 California Civil Code § 1749.6 as follows: "(a) A gift certificate constitutes value held

24 in trust by the issuer of the gift certificate on behalf of the beneficiary, or to the legal

25 representative of the beneficiary to the extent provided by law, and not to the issuer."

26

27

28

33.     Violation of the CARD Act and/or California Civil Code § 1749.5 is and unfair and illegal business practice prohibited by California's Unfair Competition Law Cal. Bus. & Prof. Code § 17200.

34.     Here, iStockphoto offers its customers the ability to buy credit[s] or tranches of credits (electronic promise) for later use on its website to obtain/purchase licensed stock photography/images.

35.     iStockphoto's credits and credit packs qualify as "gift certificates" under both the CARD Act and California Civil Code § 1749.5 as they (1) are an electronic promise redeemable at a single merchant; (2) are issued in specified amounts (new credit packs may be purchased but each pack is not reloadable and the expiration dates are applied separately to each individual credit pack purchase); (3) are purchased on a prepaid basis; and (4) are honored upon presentation to iStockphoto only.

36.     iStockphoto's credit pack model is not reloadable.  Each purchase of credits is treated as an entirely new electronic promise wherein each credit pack purchase is subject to its own expiration date.  In other words, once the credit pack purchase is made (which is in a specific amount), the clock on its expiration and according need for use begins to run.

37.     Up until December 2014, any unused portion of credit purchased on iStockphoto's website by a user would automatically expire 1 year later and no longer be usable.  Although iStockphoto instituted a "revised" expiration policy in or about December 2014 purporting to do away with expiring credits—it is really no better than the previous one.  Credits do still expire after 1 year unless a user logs onto his/her account before the 1 year expiration deadline.

38.     Given the inherent high levels of failure to use credit, combined with iStockphoto's policy of expiring credit after just 1 year, iStockphoto credit model provided it the opportunity to make significant revenue with no accompanying need to provide the stock photo/image to the user purchasing the credit.

39.     Besides being unlawful, this expiration practice was particularly unjust and unfair because (although not limited to) the carrying cost of the electronic credit purchase was near nothing and thus there was little to no need to expire the credits after just one year and by treating each credit purchase as a new transaction, iStockphoto prohibited its users from "renewing" or "reloading" their credit pack purchase and thereby prohibited extending the expiration date even if the users planned to use more credits.  Thus, even if a user knew their credits were about to expire, but had no current need for purchase of photos/images with those credits, purchasing new credits would not extend the expiration date on those previously purchased credits.

40.     Ms. Sandler was one such user damaged by this illegal and unfair expiration practice.  She first made a purchase of credits from iStockphoto on May 5, 2009, with additional purchases on June 28, 2009, March 6, 2011 and finally June 2, 2011.  These were purchased using her computer in California.  On at least two of those instances, June 28, 2009 and June 2, 2011, credits she purchased were expired by iStockphoto after 1 year.  In fact, fully 20% of the credits she bought on June 2, 2011 were expired by iStockphoto 1 year later, in June of 2012.

41.     Mr. Ahmed was another such user damaged by iStockphoto's policy.  He made a $400 purchase of credits from iStockphoto on April 27, 2012.  These were purchased using his computer in California.  On February 24, 2013, he used some of the credits to obtain/purchase stock photography/images from Defendant, but the remainder were expired by iStockphoto on or about October 30, 2013.

42.     There are many other users of iStockphoto's credit system that suffered and continue to suffer damage from iStockphoto's 1 year expiration practice.

43.     Plaintiffs therefore seek injunctive and monetary relief for themselves and those similarly situated in California and who were injured by iStockphoto's illegal and unfair 1 year expiration policy of credits.

9

# V. CLASS ACTION ALLEGATIONS

44.     Plaintiffs bring this California class action on behalf of themselves and all persons similarly situated pursuant to Federal Rules of Civil Procedure 23(a) and (b)(3).  This action satisfies the numerosity, typicality, ascertainability, commonality, adequacy, predominance and superiority requirements.

45.     Plaintiff seeks to represent the following class: All California users of iStockphoto's stock photography/image website that purchased pre-paid credit[s] or tranches of credits for use on the website that later expired within the applicable statute of limitations ("Class").

46.     Numerosity:  Although the exact number of Class Members (defined as members in the California class) is uncertain and can only be ascertained through appropriate discovery (and defendant's records), the number is likely in the thousands (or tens of thousands) and great enough such that joinder is impracticable.  The disposition of the claims of these Class Members in a single class action will thus provide substantial benefits to all parties and the Court.

47.     Typicality: Plaintiff's claims are typical of the claims of the Class, in that Plaintiffs, like all Class Members, purchased credits from iStockphoto's website that later expired.  Plaintiffs, like all Class Members, also suffered damage from iStockphoto's 1 year expiration policy in that purchased credits were expired and rendered unusable to buy stock photography/images.  Further, the factual bases of iStockphoto's misconduct of prematurely expiring purchased credits after just 1 year is common to and resulted in injury to Plaintiffs and all Members of the Class.

48.     Ascertainability: Plaintiffs are members of a finite and easily ascertainable class of users of iStockphoto's stock photography/image website that purchased pre-paid credit[s] or tranches of credits for use on the website that later expired.  They are all similarly situated and similarly affected by Defendant

1   iStockphoto's 1 year expiration policy.  Members of the Class are ascertainable from
2   Plaintiffs' description of the Class and/or from Defendant's records.

3        49.   <u>Commonality</u>: Common questions of law and fact impact the rights of
4   each Member of the Class and a common remedy by way of permissible damages,
5   restitution and injunctive relief that is sought for the Class.  These numerous and
6   substantial questions of law and fact common to Plaintiffs and all Members of the
7   Classes will predominate over any individual issues.  These common questions of law
8   and fact include, without limitation:

9        a.   Whether credit[s] or credit tranches purchased on iStockphoto's
10  website are "gift certificates" or "electronic promises" under the CARD Act;

11       b.   Whether credit[s] or credit tranches purchased on iStockphoto's
12  website are "gift certificates" under California Civil Code § 1749.5 *et seq.*;

13       c.   Whether iStockphoto's 1 year expiration policy of unused credits
14  purchased on its website is a violation of the CARD Act;

15       d.   Whether iStockphoto's 1 year expiration policy of unused credits
16  purchased on its website is a violation of California Civil Code § 1749.5 *et seq.*;

17       e.   Whether iStockphoto's 1 year expiration policy of unused credits
18  purchased on its website is an unfair business practice under California's Unfair
19  Competition Law Cal. Bus. & Prof. Code § 17200;

20       f.   Whether iStockphoto's 1 year expiration policy of unused credits
21  purchased on its website is an unlawful business practice under California's Unfair
22  Competition Law Cal. Bus. & Prof. Code § 17200;

23       g.   Whether iStockphoto's 1 year expiration policy of unused credits
24  purchased on its website is unjust thereby resulting in a windfall enrichment to
25  Defendants;

26

27

28

11

h.      Whether iStockphoto's knew or should have known that its 1 year expiration policy of unused credits purchased on its website was a violation of the CARD Act;

i.      Whether iStockphoto's knew or should have known that its 1 year expiration policy of unused credits purchased on its website was a violation of California Civil Code § 1749.5 *et seq.;*

j.      Whether Plaintiffs and the Class are entitled to restitution and/or injunctive relief; and

k.      Whether Plaintiffs and the Class are entitled to refund and/or reinstatement of expired credit[s].

50.     <u>Adequate Representation</u>: The representative Plaintiffs will fairly and adequately represent the Members of the Class and have no interests which are antagonistic to the claims of the Class.  Plaintiffs have retained counsel who are competent and experienced in consumer class action litigation.

51.     <u>Predominance and Superiority</u>: Plaintiffs and the Members of the Class have all suffered and will continue to suffer harm and damages due to iStockphoto's wrongful expiration policy.  A class action is superior to other methods for the fair and efficient adjudication of the subject controversy, because absent a class action, most proposed members of the Class's individual claims are relatively small and will therefore likely find the cost of litigating their individual claims to be prohibitive and will have no effective remedy at all.  Accordingly, absent a class action the proposed Class Members' injuries will not be redressed and Defendant's misconduct will proceed without remedy.  Class treatment of common questions of law and fact is also superior to multiple individual actions or piecemeal litigation in that it conserves the resources of the courts and litigants and promotes consistency and efficiency of adjudication.

52.     iStockphoto acted on grounds generally applicable to the entire class, thereby making final injunctive relief or corresponding declaratory relief appropriate with respect to the class as a whole.  Prosecution of separate actions by individual Members of the Class would create the risk of inconsistent or varying adjudications with respect to individual Members of the Class that would establish incompatible standards of conduct for Defendant iStockphoto.

53.     Without a class action, Defendant iStockphoto will likely retain the benefit of its wrongdoing and will continue a course of action, which will result in further damages to Plaintiffs and the Class.  Plaintiffs envision no difficulty in the management of this action as a class action.

### FIRST CLAIM FOR RELIEF

### (Violation of California Civil Code § 1749.5 *et seq.*)

54.     Plaintiffs incorporate by reference Paragraphs 1 through 53 above as though fully set forth herein.

55.     Defendant iStockphoto operates a website accessible in California and nationwide wherein a user under its "Pay-as-you-go" credit model can purchase credits[s] or tranches of credits in a specific amount to obtain/purchase licensed stock photography/images from the website.

56.     iStockphoto's credit pack model is not reloadable.  Each purchase of credits is treated as an entirely new electronic promise wherein each credit pack purchase is subject to its own expiration date.  In other words, once the credit pack purchase is made (which is in a specific amount), the clock on its expiration and according need for use begins to run.

57.     These credits qualify as "gift certificates"  under California Civil Code § 1749.5 *et seq.* in that they are "value held in trust by the issuer of the gift certificate on behalf of the beneficiary, or to the legal representative of the beneficiary to the extent provided by law, and not to the issuer.  They are therefore subject to the

1 | expiration limit incorporated in the law—in particular that no expiration limit may be
2 | imposed.

3 | 58. iStockphoto violated Cal. Civ. Code § 1749.5 *et seq.* no expiration limit
4 | by maintaining a policy in which credits purchased on its website would expire if not
5 | used within 1 year of purchase.  Although iStockphoto instituted a "revised"
6 | expiration policy in or about December 2014 purporting to do away with expiring
7 | credits, they do still expire after 1 year unless a user logs onto his/her account before
8 | the 1 year expiration deadline.  iStockphoto therefore continues to violate Cal. Civ.
9 | Code § 1749.5 *et seq.*

10 | 59. Plaintiffs and other California class members are California users that
11 | purchased credit[s] iStockphoto's website and then had those credit[s] expire after
12 | just 1 year, causing them injury and damage.

13 | 60.  iStockphoto knew or should have known that its 1 year expiration policy
14 | was illegal and a violation of Cal. Civ. Code § 1749.5 *et seq.,* nonetheless, it continued
15 | and continues to this day its 1 year expiration policy of credit[s].  This must be
16 | stopped.

17 | 61. As a direct and proximate result of iStockphoto's actions and its 1 year
18 | expiration policy in violation of Cal. Civ. Code § 1749.5 *et seq.* Plaintiffs and the
19 | California class have suffered and will continue to suffer damages.

20 | 62. Plaintiffs and the California class are entitled to injunctive relief,
21 | restitution, and/or refund or reinstatement of the expired credit[s].  Additionally,
22 | Plaintiffs and the California class seek attorneys' fees and costs.

## SECOND CLAIM FOR RELIEF

### (Violation of California's Unfair Competition
### Law Cal. Bus. & Prof. Code § 17200)

26 | 63. Plaintiffs incorporate by reference Paragraphs 1 through 62 above as
27 | though fully set forth herein.

28 |

14

64.   Defendant iStockphoto operates a website accessible in California and nationwide wherein a user under its "Pay-as-you-go" credit model can purchase credits[s] or tranches of credits to obtain/purchase licensed stock photography/images from the website.

65.   iStockphoto's credit pack model is not reloadable.  Each purchase of credits is treated as an entirely new electronic promise wherein each credit pack purchase is subject to its own expiration date.  In other words, once the credit pack purchase is made (which is in a specific amount), the clock on its expiration and according need for use begins to run.

66.   iStockphoto's credits and credit packs qualify as "gift certificates" under both the CARD Act and California Civil Code § 1749.5 as they (1) are an electronic promise redeemable at a single merchant; (2) are issued in specified amounts (new credit packs may be purchased but each pack is not reloadable and the expiration dates are applied separately to each individual credit pack purchase); (3) are purchased on a prepaid basis; and (4) are honored upon presentation to iStockphoto only.

67.   As these credits qualify as "gift certificates" under both the CARD Act and California Civil Code § 1749.5 *et seq.* they are subject to the expiration limits and protections found in those laws—5 years and no expiration allowed, respectively.

68.   Despite these limits, iStockphoto maintained a policy in which credits purchased on its website would expire if not used within 1 year of purchase. Moreover, although iStockphoto instituted a "revised" expiration policy in or about December 2014 purporting to do away with expiring credits, they do still expire after 1 year unless a user logs onto his/her account before the 1 year expiration deadline. Either policy did and continues to violate the CARD Act and Cal. Civ. Code § 1749.5 *et seq.*

69.   Besides being unlawful, this expiration practice was and is unjust and unfair because (among other things): (1) the carrying cost of the electronic credit

15

purchase was near nothing and thus there was little to no need to expire the credits after just one year; and (2) by treating each credit purchase as a new transaction, iStockphoto prohibited its users from "renewing" or "reloading" their credit pack purchase and thereby prohibited extending the expiration date even if the users planned to use more credits. Thus, even if a user knew their credits were about to expire, but had no current need for purchase of photos/images with those credits, purchasing new credits would not extend the expiration date on those previously purchased credits.

70. Given the inherent high levels of failure to use the credits, combined with iStockphoto's policy of expiring credit after just 1 year without the ability to renew the expiration date, this credit model provided iStockphoto an inherently unfair opportunity to make significant revenue with no accompanying need to provide the stock photo/image to the user purchasing the credit.

71. Plaintiffs and California class members are California users that purchased credit[s] iStockphoto's website and then had those credit[s] expire after just 1 year, causing them injury and damage.

72. This 1 year expiration practice by Defendant iStockphoto violates Cal. Bus. & Prof. Code § 17200 in as much as it is an unlawful violation of the CARD Act and Cal. Civ. Code § 1749.5 *et seq.*

73. This 1 year expiration practice by Defendant iStockphoto similarly violates Cal. Bus. & Prof. Code § 17200 in as much as it is unfair to the credit users of iStockphoto's website that should not have had their credit[s] expired by iStockphoto after just one year.

74. Section 17200 also prohibits any "fraudulent business act or practice." Defendant violated this prong of the UCL by disseminating through its website and other promotional channels, misleading and partial statements about iStockphoto credits that have a tendency to mislead the public. In particular, Defendant omitted

16

material information about the credits with the intent to induce reliance by purchasers to purchase said credits.   Defendant's claims, nondisclosures and misleading statements concerning Istockphoto credits were false, misleading and/or likely to deceive the consuming public within the meaning of California Business and Professions Code §17200.

75.   As a direct and proximate result of iStockphoto's actions and its 1 year expiration policy, Plaintiffs and the California class have suffered and will continue to suffer damages.

76.   Defendant iStockphoto, through it unlawful, fraudulent and unfair 1 year expiration practice has profited from Plaintiffs and California class members by confiscating credit[s] improperly expired.   Plaintiffs and the California class are therefore entitled to injunctive relief, restitution, and/or refund or reinstatement of the expired credit[s].   Additionally, Plaintiff and the California class seek attorneys' fees (pursuant to Cal. Civ. Proc. § 1021.5) and costs.

## THIRD CLAIM FOR RELIEF

### (Violation of California's Unfair Competition

### Law Cal. Bus. & Prof. Code § 17500)

77.   Plaintiffs incorporate by reference Paragraphs 1 through 76 above as though fully set forth herein.

78.   California Business & Professions Code §17500 et seq. prohibits various deceptive practices in connection with the dissemination in any manner of representations which are likely to deceive members of the public to purchase products and services such as the iStockphoto credits.

79.   Defendant's acts and practices as described herein have deceived and/or are likely to deceive Plaintiffs and Class members.   Defendant uses its website and other promotions, along with other social media to extensively market and advertise

the credits with misleading and illegal expiration dates and other deceptive terms to consumers.

80.     By its actions, Defendant has been and is disseminating uniform advertising concerning its credits, which by its nature is unfair, deceptive, untrue, or misleading within the meaning of California Business & Professions Code §17500 *et seq.*   Such advertisements are likely to deceive, and continue to deceive, the consuming public for the reasons detailed above.

81.     Defendant intended Plaintiffs and Class members to rely upon the advertisements and numerous material misrepresentations as set forth more fully elsewhere in the Complaint.

82.     In fact, Plaintiffs and Class members relied upon the advertisements and misrepresentations to their detriment.

83.     The above described false, misleading, deceptive advertising Defendant disseminated continues to have a likelihood to deceive in that Defendant has failed to disclose the true and actual limitations of their credits.

84.     Defendant has failed to instigate a public information campaign to alert consumers of these limitations, which continues to create a misleading perception of the efficacy of their gift certificates.

## FOURTH CLAIM FOR RELIEF

### (Unjust Enrichment)

85.     Plaintiffs incorporate by reference Paragraphs 1 through 84 above as though fully set forth herein.

86.     Defendant iStockphoto operates a website accessible in California and nationwide wherein a user under its "Pay-as-you-go" credit model can purchase credits[s] or tranches of credits to obtain/purchase licensed stock photography/images from the website.

18

87.    iStockphoto maintained a policy in which credits purchased on its website would expire if not used within 1 year of purchase.  Moreover, although iStockphoto instituted a "revised" expiration policy in or about December 2014 purporting to do away with expiring credits, they do still expire after 1 year unless a user logs onto his/her account before the 1 year expiration deadline.

88.    This expiration practice was and is inherently unjust and unfair because (among other things): (1) the carrying cost of the electronic credit purchase was near nothing and thus there was little to no need to expire the credits after just one year; and (2) by treating each credit purchase as a new transaction, iStockphoto prohibited its users from "renewing" or "reloading" their credit pack purchase and thereby prohibited extending the expiration date even if the users planned to use more credits. Thus, even if a user knew their credits were about to expire, but had no current need for purchase of photos/images with those credits, purchasing new credits would not extend the expiration date on those previously purchased credits.

89.    Given the inherent high levels of failure to use the credits, combined with iStockphoto's policy of expiring credit after just 1 year without the ability to renew the expiration date, this credit model provided iStockphoto an inherently unfair opportunity to unjustly enrich itself with expired credit revenue with no accompanying need to provide the stock photo/image to the user that purchased the now expired credit.

90.    Plaintiffs and other California class members are California users that had credits purchased on iStockphoto's website expired and the money taken by iStockphoto with no photo/image provided in return.

91.    As between Plaintiffs (and other California class members) and iStockphoto, it would be unjust for iStockphoto to retain the benefits of users' purchase of credits with no photo/image provided in return.

92.    Plaintiffs and the California class therefore seek restitution, and/or refund or reinstatement of the expired credit[s].

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs pray for judgment against Defendant on their behalf and on behalf of the Class as follows:

1.    Damages in an amount to be determined at trial;

2.    Restitution in an amount to be determined at trial;

3.    A permanent injunction enjoining Defendant iStockphoto from violating the CARD Act;

4.    A permanent injunction enjoining Defendant iStockphoto from violating Cal. Civ. Code § 1749.5 *et seq.* or Cal. Bus. & Prof. Code § 17200 or § 17500 with respect to expiring credit[s] after just 1 year;

5.    Costs of suit;

6.    Attorneys' fees as allowed by law;

7.    Prejudgment and post-judgment interest as allowed by law; and

8.    Such other and further relief, in law or in equity, as the Court may deem just and proper.

Dated:  September 21, 2015                    FERNALD LAW GROUP LLP


By:   */s Brandon C. Fernald*
      Brandon C. Fernald
      Attorneys for Plaintiffs
      LISA SANDLER, ASIF AHMED and
      PROPOSED CLASS

1

## **DEMAND FOR JURY TRIAL**

2

Plaintiffs, on their behalf, and on behalf of the Class, hereby demand a trial by

3

jury on all issues properly triable by jury.

4

5

Dated:  September 21, 2015          FERNALD LAW GROUP LLP

6

By:___*/s Brandon C. Fernald*_____

7

Brandon C. Fernald
Attorneys for Plaintiffs

8

LISA SANDLER, ASIF AHMED and
PROPOSED CLASS

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28