1  MARY H. HAAS (State Bar No. 149770)
    maryhaas@dwt.com
2  DAVIS WRIGHT TREMAINE LLP
   865 S. Figueroa Street, Suite 2400
3  Los Angeles, California 90017-2566
   Telephone: (213) 633-6800
4  Facsimile: (213) 633-6899

6  STEPHEN M. RUMMAGE (admitted *pro hac vice*)
    steverummage@dwt.com
7  AMBIKA K. DORAN (admitted *pro hac vice*)
    ambikadoran@dwt.com
8  DAVIS WRIGHT TREMAINE LLP
   1201 Third Avenue, Suite 2200
9  Seattle, Washington 98101
   Telephone: (206) 757-8136
10 Facsimile: (206) 757-7136

11 Attorneys for Defendant
12 ISTOCKPHOTO LP

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| LISA SANDLER, an individual, ASIF AHMED, an individual, and others similarly situated,<br><br>　　　　Plaintiff,<br><br>　vs.<br><br>ISTOCKPHOTO LP, a Canadian corporation; and DOES 1-10, inclusive,<br><br>　　　　Defendants. | Case No. 2:15-cv-03659-SVW-JEM<br><br>**REPLY BRIEF IN SUPPORT OF MOTION TO DISMISS THE AMENDED COMPLAINT**<br><br>Date:　February 8, 2016<br>Time:　1:30 p.m.<br>Ctrm.:　6 – 2nd Floor<br>Judge:　The Hon. Stephen V. Wilson<br><br>[Filed Concurrently with Supplemental Declaration of Joy Griffith] |

REPLY BRIEF IN SUPPORT OF MOTION TO DISMISS
DWT 28577583v8 0053349-000111

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

# TABLE OF CONTENTS

Page(s)

I. INTRODUCTION .................................................................................................. 1

II. FAILURE TO STATE A CLAIM ......................................................................... 1

    A. Plaintiffs Fail to State a UCL Unlawful Practices Claim. ..................... 1

        1. iStock Credits Are Not "Gift Certificates." ............................... 2

        2. Plaintiffs Have Failed to Allege a Violation of the CARD Act. ............................................................................................ 3

    B. Plaintiffs Fail to State a UCL "Fraud" Claim. ...................................... 5

    C. Plaintiffs Have Not Stated "Unfair and Unlawful" UCL Claims Based on Alleged Unconscionability. ................................................... 6

    D. Plaintiffs Have Not Stated an Unjust Enrichment Claim. ..................... 7

    E. Plaintiffs Do Not Oppose Dismissal of the FAL Claim. ....................... 8

    F. The Court Should Dismiss with Prejudice. ........................................... 8

III. FORUM NON CONVENIENS ............................................................................. 9

    A. Plaintiffs Assented to the Forum Selection Clause. .............................. 9

    B. Federal Law Governs Enforcement of the Forum Selection Clause. .................................................................................................... 9

    C. The Forum Selection Clause Is Enforceable. ...................................... 10

IV. CONCLUSION .................................................................................................... 12

i

REPLY BRIEF IN SUPPORT OF MOTION TO DISMISS
DWT 28577583v8 0053349-000111

**DAVIS WRIGHT TREMAINE** LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

# TABLE OF AUTHORITIES

Page(s)

**Cases**

*5381 Partners LLC v. Sharesale.com, Inc.*,
 2013 WL 5328324 (E.D.N.Y. 2013) ...................................................................11

*Zaltz v. JDATE*,
 952 F. Supp. 2d 439 (E.D.N.Y. 2013) .............................................................9, 11

*Am. Online, Inc. v. Superior Court*,
 90 Cal. App. 4th 1 (2001) ...................................................................................12

*Argueta v. Banco Mexicano, S.A.*,
 87 F.3d 320 (9th Cir. 1996) ................................................................................11

*Atl. Marine Constr. Co. v. U.S. Dist. Ct. for W. Dist. of Texas*,
 134 S. Ct. 568 (2013) ..........................................................................................10

*Beaver v. Tarsadia Hotels*,
 29 F. Supp. 3d 1294 (S.D. Cal. 2014) ...............................................................4, 5

*Boise Cascade Corp. v. EPA*,
 942 F.2d 1427 (9th Cir. 1991) ..............................................................................2

*Brooks v. Sotheby's*,
 2013 WL 3339356 (N.D. Cal. 2013) ..................................................................12

*Budget Blinds, Inc. v. Mahmood*,
 2010 WL 3001629 (C.D. Cal. 2010) ..................................................................10

*Carnival Cruise Lines, Inc. v. Shute*,
 499 U.S. 585 (1991) ............................................................................................11

*Cortez v. Purolator Air Filtration Prods. Co.*,
 23 Cal. 4th 163 (2000) .........................................................................................5

*Davis v. Valley Distrib. Co.*,
 522 F.2d 827 (9th Cir. 1975) ................................................................................5

*Destfino v. Reiswig*,
 630 F.3d 952 (9th Cir. 2011) ............................................................................8, 9

ii
REPLY BRIEF IN SUPPORT OF MOTION TO DISMISS
DWT 28577583v8 0053349-000111

**DAVIS WRIGHT TREMAINE** LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

*Doe v. Network Solutions, LLC*,
   2008 WL 191419 (N.D. Cal. 2008) ....................................................................9

*E. Bay Women's Health, Inc. v. gloStream, Inc.*,
   2014 WL 1618382 (N.D. Cal. 2014) ................................................................12

*E.K.D. ex rel. Dawes v. Facebook, Inc.*,
   885 F. Supp. 2d 894 (S.D. Ill. 2012) ................................................................11

*Frango Grille USA, Inc. v. Pepe's Franchising Ltd.*,
   2014 WL 7892164 (C.D. Cal. 2014) ................................................................12

*Freeman v. Wal-Mart Stores, Inc.*,
   111 Cal. App. 4th 660 (2003) ............................................................................7

*Gonzales v. Caremore Health Plan, Inc.*,
   2015 WL 639447 (C.D. Cal. 2015)....................................................................8

*Hahn v. Massage Envy Franchising, LLC*,
   2014 WL 5100220 (S.D. Cal. 2014) ..................................................................7

*Herget v. Cent. Nat'l Bank & Trust Co. of Peoria*,
   324 U.S. 4 (1945) ..............................................................................................5

*Hughes v. Corepower Yoga, LLC*,
   2013 WL 1314456 (D. Minn. 2013) ............................................................3, 4

*In re ConAgra Foods Inc.*,
   908 F. Supp. 2d 1090 (C.D. Cal. 2012) .............................................................7

*Irving v. Lennar Corp.*,
   2013 WL 1308712 (E.D. Cal. 2013)..................................................................5

*Leong v. Myspace, Inc.*,
   2011 WL 7808208 (C.D. Cal. 2011) ...............................................................11

*LP Digital Solutions v. Signifi Solutions, Inc.*,
   921 F. Supp. 2d 997 (C.D. Cal. 2013) .............................................................11

*M/S Bremen v. Zapata Off-Shore Co.*,
   407 U.S. 1 (1972) .......................................................................................10, 11

*Manetti-Farrow, Inc. v. Gucci Am., Inc.*,
   858 F.2d 509 (9th Cir. 1988) ........................................................................9, 10

iii

REPLY BRIEF IN SUPPORT OF MOTION TO DISMISS
DWT 28577583v8 0053349-000111

**DAVIS WRIGHT TREMAINE** LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

*Martinez v. Bloomberg LP*,
   740 F.3d 211 (2d Cir. 2014) .................................................................................. 10

*Mazzola v. Roomster Corp.*,
   2010 WL 4916610 (C.D. Cal. 2014) ...................................................................... 12

*Meier v. Mw. Recreational Clearinghouse, LLC*,
   2010 WL 2738921 (E.D. Cal. 2010) ...................................................................... 10

*Meinhold v. Sprint Spectrum L.P.*,
   2007 WL 1456141 (E.D. Cal. 2007) ........................................................................ 7

*Merkin v. Vonage Am. Inc.*,
   2014 WL 457942 (C.D. Cal. 2014) .......................................................................... 9

*Newsom v. Countrywide Home Loans, Inc.*,
   714 F. Supp. 2d 1000 (N.D. Cal. 2010) .................................................................... 5

*O'Donovan v. CashCall, Inc.*,
   2012 WL 2568174 (N.D. Cal. 2012) .................................................................... 4, 5

*Otto v. Abbott Labs, Inc.*,
   2013 U.S. Dist. LEXIS 53287 (C.D. Cal. 2013) ...................................................... 6

*Petersen v. Boeing Co.*,
   715 F.3d 276 (9th Cir. 2013) .................................................................................. 11

*Reynolds v. Philip Morris USA, Inc.*,
   332 F. App'x 397 (9th Cir. 2009) ......................................................................... 2, 3

*Rodriguez v. U.S. Bank Nat'l Ass'n*,
   2012 WL 1996929 (N.D. Cal. 2012) ........................................................................ 5

*Russell v. De Los Suenos*,
   2014 WL 1028882 (S.D. Cal. 2014) ................................................................ 11, 12

*Sandoval v. Mercedes-Benz USA, LLC*,
   2013 U.S. Dist. LEXIS 188997 (C.D. Cal. 2013) .................................................... 6

*Spradlin v. Lears Siegler Mgmt. Servs. Co.*,
   926 F.2d 865 (9th Cir. 1991) .................................................................................. 12

*Swift v. Zynga Game Network, Inc.*,
   805 F. Supp. 2d 904 (N.D. Cal. 2011) .................................................................... 11

iv
REPLY BRIEF IN SUPPORT OF MOTION TO DISMISS
DWT 28577583v8 0053349-000111

**DAVIS WRIGHT TREMAINE** LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

*Teamsters Pension Trust Fund v. HF Johnson, Inc.*,
   830 F.2d 1009 (9th Cir. 1987) ............................................................................. 4

*United States v. Drew*,
   259 F.R.D. 449 (C.D. Cal. 2009) ...................................................................... 11

*Walsh v. Nev. Dep't of Human Res.*,
   471 F.3d 1033 (9th Cir. 2006) ............................................................................ 8

*Waul v. Circuit City Stores, Inc.*,
   2004 WL 1535825 (Cal. Ct. App. 2004) ........................................................ 2, 3

*Ziya v. Global Linguist Solutions, LLC*,
   2011 WL 5826081 (D. Ariz. 2011) ..................................................................... 9

**Statutes**

15 U.S.C. § 1693*l*-1(a)(2)(B) ...................................................................................... 3

Cal. Bus. & Prof. Code § 17500 ................................................................................. 8

Cal. Civil Code
   § 1670.5 ............................................................................................................... 7
   § 1749.5 ........................................................................................................... 2, 3

**Rules**

Federal Rules of Civil Procedure
   Rule 9 ......................................................................................................... 1, 6, 7
   Rule 11 ............................................................................................................ 6, 7
   Rule 12 ................................................................................................................ 6
   Rule 12(b)(6) ....................................................................................................... 1
   Rule 15 ................................................................................................................ 8

**Regulations**

12 C.F.R. § 205.20(a)(1) ............................................................................................. 3

v
REPLY BRIEF IN SUPPORT OF MOTION TO DISMISS
DWT 28577583v8 0053349-000111

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

## I. INTRODUCTION

iStock asks the Court to dismiss because plaintiffs (1) fail to state a claim and (2) agreed to bring any claims against iStock in Alberta, Canada.

**Failure to State a Claim.** The Court should dismiss with prejudice under Rule 12(b)(6), for three reasons:

*First*, plaintiffs have not alleged any facts to support their claim that an iStock credit constitutes a "gift certificate" under either California's gift certificate statute or the federal CARD Act. Congress and the California legislature targeted those laws at certificates having a stated monetary value, which are typically given as gifts to consumers. But the FAC makes clear that iStock credits are not certificates, are not typically given as gifts, and have no stated monetary value. Further, the CARD Act's one-year limitations period bars any claim based on a violation of that federal statute.

*Second*, the FAC fails to state a plausible claim that iStock's one-year expiration policy was "unfair," "fraudulent," or "unjust." Despite three bites at the apple, plaintiffs have failed to include *a single allegation* that iStock failed to disclose that their credits would expire, let alone the specific allegations necessary to satisfy Rule 9's pleading standard. Leave to amend would be futile.

*Third*, plaintiffs offer essentially no argument to support their unjust enrichment and false advertising claims.

**Forum Non Conveniens.** Ms. Sandler and Mr. Ahmed agreed to sue iStock (a Canadian company) only in Alberta, Canada. Federal law, which governs the enforceability of their agreement, requires the Court to enforce a forum selection clause except in exceptional cases. And in fact, federal courts routinely enforce forum selection clauses in circumstances such as these.

## II. FAILURE TO STATE A CLAIM

### A. Plaintiffs Fail to State a UCL Unlawful Practices Claim.

Plaintiffs abandoned their CARD Act claim in the FAC, and they tacitly concede the state statute does not confer a private right of action. *See* MTD 7:10-13.

REPLY BRIEF IN SUPPORT OF MOTION TO DISMISS
DWT 28577583v8 0053349-000111

1

**DAVIS WRIGHT TREMAINE** LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

Instead, plaintiffs argue iStock's credits fall within the CARD Act and the state statute, Opp. 3-10, and they assert the violation of these statutes "gives rise to a cause of action under the UCL." Opp. 10:17-19. In fact, however, neither statute regulates iStock credits, and any claims premised on the CARD Act are time-barred.

### 1. iStock Credits Are Not "Gift Certificates."

Plaintiffs argue the application of California's gift certificate statute does not depend on whether the purchaser "intended to give the [certificate] as a gift." Opp. 4:19. In fact, the Legislature adopted the statute to regulate physical certificates or cards that consumers typically buy as gifts. It does not reach iStock credits.

Contrary to plaintiffs' argument, iStock *never* argued the California statute had an intent requirement. Instead, iStock relied on cases holding Civil Code § 1749.5 applies only to "a 'gift certificate' as the term would ordinarily be understood." *Reynolds v. Philip Morris USA, Inc.*, 332 F. App'x 397, 398 (9th Cir. 2009). In *Reynolds*, the Ninth Circuit held proofs of purchase, which consumers could redeem for products, were not "gift certificates" because they (1) were "not typically given as gifts," (2) were not "certificates," and (3) "state no cash value." *Id.*; *see also Waul v. Circuit City Stores, Inc.*, 2004 WL 1535825, *3 (Cal. Ct. App. 2004) (merchandise cards not "gift certificates" because "the section contemplates a 'gift'; i.e., a certificate or card purchased or obtained by someone for the purpose of giving it to someone else"); MTD 13:5-15:15 (citing case law and legislative history). Thus, to qualify as a "gift certificate" within the statute, the item must be "***typically*** given" as a gift—regardless of the purchaser's intent in a specific instance. *Reynolds*, 332 F. App'x 397; *Waul*, 2004 WL 1535825, at *3. Only this reading gives meaning to the word "gift." *See Boise Cascade Corp. v. EPA*, 942 F.2d 1427, 1432 (9th Cir. 1991) (courts "must interpret statutes as a whole, giving effect to each word").[1]

---

[1] Plaintiffs fail to address the Legislature's imposition of disclosure requirements "on the front of the gift certificate," which necessarily implies a physical certificate or card with a front and back. *See* MTD 15:16-16:9. iStock credits lack these qualities.

2

REPLY BRIEF IN SUPPORT OF MOTION TO DISMISS
DWT 28577583v8 0053349-000111

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

Plaintiffs also argue § 1749.5 *must* apply because the expiration of iStock credits otherwise would result in a "windfall to the retailer." Opp. 4, 5-6. But the California statute is not an unmoored general prohibition of "windfalls"; instead, it regulates *only* "gift certificates." When Marlboro discontinued its Marlboro Miles program, it reaped a "windfall" because it avoided providing goods to customers who had proofs of purchase, *Reynolds*, 332 F. App'x at 398; similarly, when Circuit City merchandise cards expired, it reaped the remaining cash value of those cards. *Waul*, 2004 WL 1535825, at *2. Despite these "windfalls," neither the proofs of purchase nor the merchandise cards were "gift certificates" under the statute.

### 2. Plaintiffs Have Failed to Allege a Violation of the CARD Act.

#### a. iStock Credits Are Not "Gift Certificates"

Under the CARD Act, a "gift certificate" must be issued (1) "primarily for personal, family, or household purposes," 12 C.F.R. § 205.20(a)(1); (2) in a specific monetary amount that may not be increased or reloaded, 15 U.S.C. § 1693*l*-1(a)(2)(B); and (3) for "goods or services," *id.* The iStock credits have none of these defining characteristics, and plaintiffs thus have not pleaded a CARD Act violation.

*First*, plaintiffs fail to allege iStock issued credits to them "primarily for personal, family, or household purposes." 12 C.F.R. § 205.20(a)(1); *see* MTD 10:8-24. The FAC's failure to allege a consumer purpose is especially glaring given that iStock pointed it out in its initial Motion to Dismiss. *See* Mot. [Dkt. 20] 8:9-23.

*Second*, plaintiffs have not plausibly alleged iStock issues credits in a "specified amount" that is "not reloadable." *See* MTD 10:25-11:22. Plaintiffs strain to distinguish *Hughes v. Corepower Yoga, LLC*, 2013 WL 1314456, *6 (D. Minn. 2013), where the court found the CARD Act did not reach a "Class Pack" card that a yoga studio's purchasers could redeem for classes—and could reload with credits for additional classes. Hoping to distinguish *Hughes*, plaintiffs argue (1) an iStock credit "must be purchased in tranches—e.g., 3 credits for $33, etc.," and (2) iStock credits are not "reloadable" because credits purchased later expire later. Opp. 9. But the

3

REPLY BRIEF IN SUPPORT OF MOTION TO DISMISS
DWT 28577583v8 0053349-000111

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

Class Packs in *Hughes* resemble the credits here: the plaintiff bought yoga classes in sets (i.e., "tranches") for a fixed price, but could redeem them only for classes, just as iStock credits can be redeemed only for stock photography licenses. Further, just as the *Hughes* Class Pack card was "reloadable" because customers could buy additional Class Packs, *Hughes*, 2013 WL 1314456, at *1, 6, iStock members can reload credits to purchase licenses if existing credits are insufficient. Opp. 9:8-11. The ability to supplement credit balances with new credits shows iStock credits are "reloadable," even if (as in *Hughes*) later-purchased credits expire on later dates.

***Third***, plaintiffs have not explained how the CARD Act could be read to cover credits that users can redeem ***only*** for copyright licenses, ***not*** for "goods or services." Ms. Sandler and Mr. Ahmed rely on cases and hypotheticals related to software. Opp. 9-10. But iStock does not sell software any more than it sells "tangible and movable personal property" or performs services. *See* MTD 11:23-12:13 (defining "goods" and "services"). Instead, as the FAC makes clear, iStock sells ***only*** licenses, giving members the right to use (but not own) stock photography images.

### b. The CARD Act's One-Year Statute of Limitations Bars Plaintiffs' UCL Claim.

Plaintiffs admit the only federal court to consider the issue has held a plaintiff ***cannot*** bring a UCL claim based on a violation of the Electronic Funds Transfer Act ("EFTA"), which contains the CARD Act's gift card provisions, beyond EFTA's one-year statute of limitations. *O'Donovan v. CashCall, Inc.*, 2012 WL 2568174, *3-4 (N.D. Cal. 2012). Plaintiffs also admit EFTA's limitations period has passed. But they invite the Court to depart from *O'Donovan*—and other courts—because one district judge, analyzing a different federal statute of limitations, did not bar a UCL claim. *See Beaver v. Tarsadia Hotels*, 29 F. Supp. 3d 1294, 1306 (S.D. Cal. 2014) (analyzing ILSA statute of limitations). The Court should decline the invitation.

When "Congress explicitly puts a limit upon the time for enforcing a right which it created, there is an end of the matter." *Teamsters Pension Trust Fund v. HF*

4

REPLY BRIEF IN SUPPORT OF MOTION TO DISMISS
DWT 28577583v8 0053349-000111

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

*Johnson, Inc.*, 830 F.2d 1009, 1016-17 (9th Cir. 1987); *see also Herget v. Cent. Nat'l Bank & Trust Co. of Peoria*, 324 U.S. 4, 9 (1945) (Illinois law cannot enlarge limitations period where federal law "created the liability and fixed the limitation of time for commencing actions to enforce it"). "It is unlikely that Congress intended that its judgment with respect to the maximum period within which a claim ... might be made could be displaced by legislatures of the states." *Davis v. Valley Distrib. Co.*, 522 F.2d 827, 832 (9th Cir. 1975). Plaintiffs cannot use the UCL to circumvent the congressional judgment that plaintiffs must bring CARD Act claims within a year. *See Newsom v. Countrywide Home Loans, Inc.*, 714 F. Supp. 2d 1000, 1014 (N.D. Cal. 2010) (UCL cannot "revive an otherwise time-barred TILA claim").

Most courts agree, holding plaintiffs cannot recast an untimely federal claim as a UCL claim to circumvent the federal statute of limitations. *See O'Donovan*, 2012 WL 2568174, at *3-4; *Irving v. Lennar Corp.*, 2013 WL 1308712, *15 (E.D. Cal. 2013) (untimely ILSA claim cannot be re-pleaded as UCL claim); *Rodriguez v. U.S. Bank Nat'l Ass'n*, 2012 WL 1996929, *2 (N.D. Cal. 2012) (untimely TILA claim). No one contests that California *could* pass its own CARD Act and prescribe its own statute of limitation. "The issue here is ... whether Plaintiffs may assert a UCL claim predicated on the EFTA and not be required to comply with the EFTA's statute of limitations." *O'Donovan*, 2012 WL 2568174, at *3. They may not do so.[2]

B. **Plaintiffs Fail to State a UCL "Fraud" Claim.**

iStock's Motion explained the insufficiency of the FAC's allegations as to the UCL "fraud" claim. MTD 19:12-20:14. Plaintiffs essentially concede the point. But

---

[2] The only case to the contrary is *Beaver*, which is on appeal to the Ninth Circuit. The court in *Beaver* relied on *Cortez v. Purolator Air Filtration Prods. Co.*, 23 Cal. 4th 163 (2000). *Cortez* held the UCL's four-year limitations period applies even when a borrowed **California** statute has a shorter limitations period. *See Cortez*, 23 Cal. 4th at 178-79. *Cortez* makes sense: because the Legislature passed both the UCL and the borrowed California statute, a court may infer the Legislature conferred rights intending the UCL's statute of limitations to apply. But a court cannot infer **Congress** created rights subject to specific limitations periods with the intention that California could extend those limitations periods through the UCL.

5

REPLY BRIEF IN SUPPORT OF MOTION TO DISMISS
DWT 28577583v8 0053349-000111

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

now, ignoring their FAC, they argue for the first time that "[t]he forfeiture aspect of the purchase was not disclosed to customers at the time of purchase," and ask for leave to amend "[t]o the extent these facts were not adequately alleged." Opp. 13-14.

The Court should refuse leave. iStock's original Motion to Dismiss pointed out that "Ms. Sandler never alleges ignorance that her credits would expire after a year." MTD [Dkt. 20] 17:3-4. Having been alerted to that issue, plaintiffs in their FAC made the decision to allege ***nothing*** suggesting iStock failed to disclose the one-year duration of iStock credits. Even now, they provide the Court no reason to believe they can satisfy Rule 9, which requires them to "describe the content of the omission and where the omitted information should or could have been revealed," as well as "samples of ... representations that plaintiff relied on to make her purchase and that failed to include the allegedly omitted information." *Sandoval v. Mercedes-Benz USA, LLC*, 2013 U.S. Dist. LEXIS 188997, *33 (C.D. Cal. 2013). Instead, plaintiffs say only that, "if permitted to amend," they "would allege that they were unaware when they purchased credits from Defendant that the credits were subject to a 1-year expiration deadline, and ... expected to be able to utilize the credits indefinitely." Opp. 12. This bland assertion falls ***far*** short of Rule 9's requirement that they allege how iStock misled them by failing to disclose the expiration policy.[3]

### C. Plaintiffs Have Not Stated "Unfair and Unlawful" UCL Claims Based on Alleged Unconscionability.

Plaintiffs' Opposition says ***nothing*** about the standards governing UCL "unfairness" claims. Instead, they trot out a new claim, not mentioned in the FAC, that (1) iStock failed to disclose credits would expire; (2) the expiration of credits

---

[3] If plaintiffs did allege iStock failed to disclose the duration of credits "at the time of purchase," Opp. 13:27, their claim would be subject to dismissal under Rule 12—and would likely violate Rule 11. In response to such an allegation, iStock could offer its purchase path on a motion to dismiss, since it would "form[] the basis of [plaintiffs'] claim." *Otto v. Abbott Labs, Inc.*, 2013 U.S. Dist. LEXIS 53287, *9-10 n.4 (C.D. Cal. 2013). And the purchase path plaintiffs followed to buy their credits makes no less than ***four*** disclosures of the expiration policy. *See* Supp. Griffith Decl. & Exs. A-D.

6

REPLY BRIEF IN SUPPORT OF MOTION TO DISMISS
DWT 28577583v8 0053349-000111

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

thus results in an unconscionable "forfeiture"; and (3) the expiration of credits is therefore "an unlawful and unfair act within the meaning of the UCL." Opp. 10:22-27 (citing Civil Code § 1670.5). In fact, the FAC never mentions unconscionability, never cites Civil Code § 1670.5, and alleges no facts concerning unconscionability. *See, e.g.*, FAC ¶¶ 72, 73 (alleging unlawfulness based solely on "violation of the CARD Act and Cal. Civ. Code § 1749.5 *et seq.*"). But even if plaintiffs had pled this claim, the unconscionability claim has the same shortcomings as the fraud claim.

Where, as here, a claim of "unfair" practices rests on an allegedly fraudulent course of conduct, the allegations must satisfy Rule 9(b). *Meinhold v. Sprint Spectrum L.P.*, 2007 WL 1456141, *6 (E.D. Cal. 2007). Plaintiffs offer no reason to believe they can allege any nondisclosure with the specificity Rule 9 requires. *See* § II.A.2, *supra*. Further, the fact that iStock credits expire is not unconscionable. Plaintiffs rely on *Hahn v. Massage Envy Franchising, LLC*, 2014 WL 5100220 (S.D. Cal. 2014), but *Hahn* focused on the defendants' failure to "clearly articulate[] the forfeiture provision," so "the event of forfeiture result[ed] in surprise." *Id.* at *5, 8. *Hahn* distinguished *Freeman v. Wal-Mart Stores, Inc.*, 111 Cal. App. 4th 660, 669-70 (2003), which refused to hold a gift card inactivity fee unconscionable because Walmart "had a clear warning that a monthly fee would be charged if the card was not used within two years." *Hahn*, 2014 WL 5100220, at *10.

Here, plaintiffs allege no deception in their FAC—and they could not do so, consistent with Rule 11. The Court should dismiss the UCL "unfair practices" claim.

### D. Plaintiffs Have Not Stated an Unjust Enrichment Claim.

Plaintiffs admit this Court has held "a cause of action for unjust enrichment is not cognizable." *In re ConAgra Foods Inc.*, 908 F. Supp. 2d 1090, 1114 (C.D. Cal. 2012). Further, plaintiffs concede their unjust enrichment claim overlaps the restitutionary relief they seek under the UCL. Opp. 15; *see ConAgra*, 908 F. Supp. 2d at 1114 (dismissing unjust enrichment claim where plaintiff can seek restitution under UCL). That disposes of the unjust enrichment claim.

7

REPLY BRIEF IN SUPPORT OF MOTION TO DISMISS
DWT 28577583v8 0053349-000111

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

But even if plaintiffs *could* maintain an unjust enrichment cause of action, they have not stated a claim. *See* MTD 20:20-21:20. Plaintiffs argue they "had no such expectation [their credits would expire] nor was such explained to them at the time of their purchase." Opp. 15. But that new factual allegation appears nowhere in the FAC, and (as explained above) the Court should deny leave to amend on the issue.

### E. Plaintiffs Do Not Oppose Dismissal of the FAL Claim.

Plaintiffs do not oppose iStock's motion to dismiss their false advertising claim under Bus. & Prof. Code. § 17500. Because "[t]he failure to substantively oppose a motion to dismiss can be construed as a waiver or abandonment of those issues warranting dismissal," the Court should dismiss the claim. *Gonzales v. Caremore Health Plan, Inc.*, 2015 WL 639447, *2 (C.D. Cal. 2015).[4]

### F. The Court Should Dismiss with Prejudice.

The plaintiffs repeatedly request leave to amend to cure pleading defects iStock identified months ago. *See* Opp. 8, 12, 14, 15. But "[i]t is well-established that a court may dismiss an entire complaint with prejudice where plaintiffs have failed to plead properly after 'repeated opportunities.'" *Destfino v. Reiswig*, 630 F.3d 952, 959 (9th Cir. 2011). Here, plaintiffs had three chances to properly plead. They could have stated claims in the Complaint. Later, after reading iStock's Motion to Dismiss, they could have addressed iStock's concerns in the FAC. *See* Fed. R. Civ. P. 15 advisory committee's note (Rule 15 requires "the pleader to consider carefully and promptly the wisdom of amending to meet the arguments in the motion"). Finally, after iStock moved to dismiss the FAC, plaintiffs could have moved to amend, showing the Court exactly what they could allege to cure the FAC's defects.

---

[4] Plaintiffs also tacitly concede iStock's argument that they lack standing to assert a claim based on the credit expiration policy iStock implemented in 2014. Although the FAC repeatedly alleges a new policy implemented in December 2014, FAC ¶¶ 4, 37, 58, 68, 87, nothing suggests plaintiffs purchased credits subject to that policy. *See* § II.A.5 *supra*; MTD 19:24-20:14; *Walsh v. Nev. Dep't of Human Res.*, 471 F.3d 1033, 1037 (9th Cir. 2006).

8
REPLY BRIEF IN SUPPORT OF MOTION TO DISMISS
DWT 28577583v8 0053349-000111

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

Plaintiffs had ample opportunity to fix their Complaint, if they could. *See Destfino*, 630 F.3d at 958-59. The Court should dismiss without leave to amend.

### III. FORUM NON CONVENIENS

"Forum selection clauses are *prima facie* valid, and are enforceable absent a strong showing by the party opposing the clause." *Manetti-Farrow, Inc. v. Gucci Am., Inc.*, 858 F.2d 509, 514-15 (9th Cir. 1988). Ms. Sandler and Mr. Ahmed cannot show the exceptional circumstances required to overcome a forum clause.

#### A. Plaintiffs Assented to the Forum Selection Clause.

Plaintiffs could not have become iStock members or purchased iStock credits without agreeing to the iStock Membership Agreement, including the forum selection clause. *See* Griffith Decl. [Dkt. 20-1] ¶¶ 7-9, Exs. A & B. Rather than contest this evidence, plaintiffs state that when purchasing credits, they "did not understand that [they were] agreeing to bring any claim arising out of [their] purchase[s] in Alberta, Canada." Sandler Decl. ¶ 6; Ahmed Decl. ¶ 6.[5] That bare assertion does not raise an issue of assent. At most, the declarations show plaintiffs failed to read the agreement carefully. But a plaintiff cannot be "relieved from the forum selection clause because she did not read the contract with care." *Ziya v. Global Linguist Solutions, LLC*, 2011 WL 5826081, *5 (D. Ariz. 2011); *see also Doe v. Network Solutions, LLC*, 2008 WL 191419, *6 (N.D. Cal. 2008). Plaintiffs agreed to the forum clause.

#### B. Federal Law Governs Enforcement of the Forum Selection Clause.

Plaintiffs argue the forum selection clause is unconscionable under California law. Opp. 18-21. But *federal law*, not California law, governs the enforcement of a

---

[5] Plaintiffs observe that iStock has not provided "documentation" that these two plaintiffs in particular assented to the Membership Agreement. *See* Opp. 17:11-13. But courts enforce click-wrap agreements where a business shows that, as a technical matter, assent "is required during the registration process." *Merkin v. Vonage Am. Inc.*, 2014 WL 457942, *3 (C.D. Cal. 2014); *see also Zaltz v. JDATE*, 952 F. Supp. 2d 439, 451-54 (E.D.N.Y. 2013). iStock made that showing here. *See* Griffth Decl. [Dkt. 31-1] ¶¶ 7, 8 (absent assent, plaintiff "could not have become an iStock member and could not have licensed any content").

9

REPLY BRIEF IN SUPPORT OF MOTION TO DISMISS
DWT 28577583v8 0053349-000111

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

1  forum selection clause in federal court. *Budget Blinds, Inc. v. Mahmood*, 2010 WL
2  3001629, *3 (C.D. Cal. 2010) (citing *Manetti-Farrow*, 858 F.2d at 513). *Budget
3  Blinds* rejected the argument plaintiffs make here, i.e., that a forum selection clause
4  was unconscionable under California law, because federal law alone governed. *Id.*

5        Contrary to plaintiffs' argument, Opp. 23:20-27 & n.8, under federal law, **they**
6  bear the burden to "clearly show that enforcement would be unreasonable and
7  unjust." *M/S Bremen v. Zapata Off-Shore Co.*, 407 U.S. 1, 15 (1972). "Forum-
8  selection clauses should control except in unusual cases." *Atl. Marine Constr. Co. v.
9  U.S. Dist. Ct. for W. Dist. of Texas*, 134 S. Ct. 568, 582 (2013); *see* MTD 22:8-23:19.
10 Courts must apply these principles even to a "forum-selection clause pointing to a
11 nonfederal forum," including a "foreign tribunal," just as "they evaluate a forum-
12 selection clause pointing to a federal forum." *Atl. Marine*, 134 S. Ct. at 579-80.[6]

13        **C.    The Forum Selection Clause Is Enforceable.**

14        No principle of federal law allows plaintiffs to avoid their agreement.

15        ***First***, plaintiffs' assent to the forum selection clause was not obtained through
16 "fraud or overreaching." Plaintiffs object to the clause primarily because it appears
17 in a "clickwrap agreement," Opp. 15-16, the only realistic mechanism for an online
18 business to establish the terms on which it does business. When signing up for an
19 iStock membership, plaintiffs were presented with a full Membership Agreement,
20 before being asked to assent to its terms. Griffith Decl. [Dkt. 20-1] Exs. A, B, C.
21 Forum selection clauses "contained within a so-called 'clickwrap agreement'" have
22 "'have routinely been upheld by circuit and district courts.'" *Meier v. Mw.*
23 *Recreational Clearinghouse, LLC*, 2010 WL 2738921, *2 (E.D. Cal. 2010) (quoting

---

[6] *Martinez v. Bloomberg LP*, 740 F.3d 211, 229-30 (2d Cir. 2014), does not suggest otherwise. Contrary to plaintiffs' implication, *Martinez* enforced a forum selection clause requiring a plaintiff to sue in England. *Id.* The court recognized foreign forum selection clauses may raise "distinct challenges," but the plaintiff had not demonstrated the kind of "private hardship[] [that] might be sufficient to invalidate a forum selection clause designating a foreign forum." *Id.*

*United States v. Drew*, 259 F.R.D. 449, 462 (C.D. Cal. 2009)).[7] The fact that the contract is a form contract clearly does not make it unenforceable under federal law: the Supreme Court enforced a forum selection clause printed on the back of a cruise ticket. *Carnival Cruise Lines, Inc. v. Shute*, 499 U.S. 585, 593 (1991).

***Second***, even if *Atlantic Marine* allowed consideration of plaintiffs' private interests (it does not), they have not shown the Canadian forum is so "gravely difficult and inconvenient" that they will "for all practical purposes be deprived of [their] day in court." *Argueta v. Banco Mexicano, S.A.*, 87 F.3d 320, 325 (9th Cir. 1996) (citing *Bremen*, 407 U.S. at 18). Plaintiffs rely on *Petersen v. Boeing Co.*, 715 F.3d 276 (9th Cir. 2013), an exceptional case in which a plaintiff: signed an employment agreement without a forum clause before flying to Saudi Arabia, where his employer forced him to sign a new agreement with a Saudi Arabia forum clause; was "effectively imprisoned ... under miserable living conditions"; was denied his passport for three months; and was forced get treatment for a torn Achilles tendon in Saudi Arabia, leaving him "permanently maimed." *Id.* at 278-79. And even those "specific facts" merited only an evidentiary hearing. *Id.* at 282-83.

Here, plaintiffs complain that litigating in Alberta imposes a burden, Sandler Decl. ¶ 5; Ahmed Decl. ¶ 5, even though it is closer than Chicago or New York. But "courts have often enforced forum selection clauses even where litigation would be difficult and inconvenient." *Russell v. De Los Suenos*, 2014 WL 1028882, *7 (S.D. Cal. 2014); *see* MTD 25:2-12. The mere "burden for plaintiff[s] of litigating in Canada," standing alone, "does not support a finding that plaintiff will be effectively deprived of its day in court." *LP Digital Solutions v. Signifi Solutions, Inc.*, 921 F.

---

[7] Cases enforcing forum selection and arbitration clauses in form clickwrap agreements include: *Leong v. Myspace, Inc.*, 2011 WL 7808208, *4-5 (C.D. Cal. 2011); *Swift v. Zynga Game Network, Inc.*, 805 F. Supp. 2d 904, 911 (N.D. Cal. 2011); *5381 Partners LLC v. Sharesale.com, Inc.*, 2013 WL 5328324, *7-8 (E.D.N.Y. 2013); *Zaltz*, 952 F. Supp. 2d at 451-52; *E.K.D. ex rel. Dawes v. Facebook, Inc.*, 885 F. Supp. 2d 894, 901-02 (S.D. Ill. 2012).

11
REPLY BRIEF IN SUPPORT OF MOTION TO DISMISS
DWT 28577583v8 0053349-000111

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

1  Supp. 2d 997, 1008 (C.D. Cal. 2013).[8] Plaintiffs' supposed hardship is no different
2  from the burdens borne by other plaintiffs required to litigate abroad. *See Spradlin v.*
3  *Lears Siegler Mgmt. Servs. Co.*, 926 F.2d 865, 866 (9th Cir. 1991) (California
4  resident required to sue in Saudi Arabia); *Brooks v. Sotheby's*, 2013 WL 3339356,
5  *2-3 (N.D. Cal. 2013)(California resident required to litigate in London).

6      ***Third***, Ms. Sandler and Mr. Ahmed have not identified any "strong public
7  policy" that enforcement of the clause would offend. In fact, federal courts often
8  enforce forum selection clauses to govern consumer suits by California residents.
9  *See Russell*, 2014 WL 1028882, at *7 (Mexico forum in case involving CLRA
10 claim); *Mazzola v. Roomster Corp.*, 2010 WL 4916610, *4 (C.D. Cal. 2014) (New
11 York forum for CLRA claim); *E. Bay Women's Health, Inc. v. gloStream, Inc.*, 2014
12 WL 1618382 (N.D. Cal. 2014) (Michigan forum for UCL claims). Plaintiffs cite two
13 scenarios in which courts declined to enforce forum clauses based on California
14 policy: (1) where a California statute forbids franchise agreements from selecting a
15 forum outside California, *Frango Grille USA, Inc. v. Pepe's Franchising Ltd.*, 2014
16 WL 7892164, *3 (C.D. Cal. 2014); and (2) where a defendant invokes a forum clause
17 in favor of a forum that prohibits class actions, *see Am. Online, Inc. v. Superior*
18 *Court*, 90 Cal. App. 4th 1, 17 (2001) (clause required litigation in Virginia state
19 court, which as a rule does not allow class actions). Neither applies here.

## IV. CONCLUSION

For these reasons, iStock respectfully asks the Court to dismiss the FAC.

DATED: January 19, 2016          DAVIS WRIGHT TREMAINE LLP

By:    */s/ Mary H. Haas*
        Stephen M. Rummage
        Ambika K. Doran

---

[8] Plaintiffs cite newspaper articles supposedly showing Alberta is "overwhelmed with court congestion." *See* Fernald Decl., Ex. A. The first article cites no sources and discusses civil cases filed ***in Ontario***; the second discusses ***criminal trials*** in Canada generally. These articles—which are inadmissible as pure hearsay—do not show litigation in Alberta would be "gravely difficult and inconvenient."

12
REPLY BRIEF IN SUPPORT OF MOTION TO DISMISS
DWT 28577583v8 0053349-000111

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899