UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| Case No. | 2:15-cv-03659-SVW-JEM | Date | February 5, 2016 |
|---|---|---|---|
| Title | *Lisa Sandler v. iStockphoto LP et al* | | |

JS-6

| Present: The Honorable | STEPHEN V. WILSON, U.S. DISTRICT JUDGE | |
|---|---|---|
| Paul M. Cruz | | N/A |
| Deputy Clerk | | Court Reporter / Recorder |
| Attorneys Present for Plaintiffs: | | Attorneys Present for Defendants: |
| N/A | | N/A |

**Proceedings:** IN CHAMBERS ORDER GRANTING MOTION TO DISMISS [31].

I. **Introduction and Background**

Plaintiffs Lisa Sandler ("Sandler") and Asif Ahmed ("Ahmed") (collectively, "Plaintiffs") bring this class action suit on behalf of themselves and similarly situated users of Defendant iStockphoto LP's ("iStockphoto") website, which sells licenses to copyrighted stock photographs. (First Amended Complaint ("FAC") ¶ 1). iStockphoto is headquartered in Alberta, Canada. (*Id.* ¶ 12). iStockphoto provides an online service where users can purchase a pre-paid set of credits, which have corresponding value, to then purchase licenses to various stock images. (*Id.*). Up until December of 2014, credits would expire if they were not used within one year of purchase. (*Id.* ¶ 2). A revised policy was instituted thereafter where the credits would only expire after one year if the user had not logged into his or her account before the one year expiration deadline. (*Id.* ¶ 4).

In order to access iStockphoto's website, a user must first agree to a "click-wrap" Membership Agreement, which includes a forum selection clause. (Declaration of Joy Griffith ("Griffith Decl."), ¶¶ 7-8). All versions of iStockphoto's Membership Agreement during the relevant time period included a version of the following forum selection clause:

> "You also agree that any claims or disputes whatsoever arising hereunder shall be submitted to the exclusive jurisdiction and venue of the courts of the Province of Alberta and acknowledge that you do so voluntarily." (*See* Griffith Decl., Exs. B, C, D).

|  | : |
|---|---|
| Initials of Preparer | PMC |

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | 2:15-cv-03659-SVW-JEM | Date | February 5, 2016 |
| Title | Lisa Sandler v. iStockphoto LP et al | | |

Plaintiffs allege that their purchase of the online credits qualifies as "gift certificates" under the Federal Credit CARD Act and the California gift certificate statute, Civil Code § 1749.5. Plaintiffs allege that iStockphoto violated both statutes' respective limitations on expiration dates. Because there is no private right of action under these statutes, Plaintiffs bring their claim under the California Unfair Competition Law ("UCL"). (Id. ¶ 72). Presently before the Court is Defendant's motion to dismiss for failure to state a claim and for *forum non conveniens*. For the reasons stated below, the Court GRANTS Defendant's motion on grounds of *forum non conveniens*.[1]

## II. Legal Standard

"The prevailing view towards contractual forum-selection clauses is that 'such clauses are prima facie valid and should be enforced unless enforcement is shown by the resisting party to be 'unreasonable' under the circumstances.'" *Silva v. Encyclopedia Britannica Inc.*, 239 F.3d 385, 386 (1st Cir. 2001) (quoting *M/S Bremen v. Zapata Off–Shore Co.*, 407 U.S. 1, 10, (1972)). The "appropriate way to enforce a forum selection clause pointing to a state or foreign forum is through the doctrine of *forum non conveniens*." *Atl. Marine Constr. Co. v. U.S. Dist. Court for W. Dist. of Tex.*, 134 S. Ct. 568, 580 (2013).

A *forum non conveniens* analysis requires two steps. *See In re CytRx Corp. Stockholder Derivative Litig.*, 2015 WL 9871275, at *2 (C.D. Cal. Oct. 30, 2015). First, the court must determine if the clause itself is valid. *Atl. Marine*, 134 S. Ct. at 581-82. Second, if the forum selection clause is valid, the court must determine whether any public interest factors militate against its enforcement. *Id.* These factors include "the administrative difficulties flowing from court congestion; the local interest in having localized controversies decided at home; [and] the interest in having the trial of a diversity case in a forum that is at home with the law." *Id.* at 581 n.6 (quoting *Piper Aircraft Co. v. Reyno*, 454 U.S. 235, 241 n.6 (1981)). Public interest factors will "rarely defeat" a forum selection clause and a valid clause is to be "given controlling weight in all but the most exceptional cases." *Id.* at 581-82.

Courts may "consider facts outside of the pleadings" in deciding whether to enforce a forum

---

[1] Upon review of the parties' briefs, the Court concludes that the motion is suitable for determination without oral argument. Fed. R. Civ. P. 78(b); Local Rule 7-15. The hearing scheduled for Tuesday, February 9, 2016 is VACATED and OFF-CALENDAR.

| | : |
|---|---|
| Initials of Preparer | PMC |

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | 2:15-cv-03659-SVW-JEM | Date | February 5, 2016 |
| Title | Lisa Sandler v. iStockphoto LP et al | | |

selection clause. *Argueta v. Banco Mexicano, S.A.*, 87 F.3d 320, 324 (9th Cir. 1996).

### III. Discussion

#### A. Plaintiffs Assented to the Forum Selection Clause

Plaintiffs contend that iStockphoto failed to present evidence that either Plaintiff agreed to the forum selection clause. (Opp., at 16:23-25). However, Joy Griffith ("Griffith"), iStockphoto's Senior Director for Payments and Risk Management, testified that Plaintiffs could not have become iStockphoto members or purchased credits without first agreeing to the Membership Agreement, which contained the forum selection clause. (*See* Griffith Decl., ¶¶ 8-9, Exs. A, B). Courts have enforced "click-wrap" agreements where a business shows that, as a technical matter, assent "is required through the registration process." *Merkin v. Vonage Am. Inc.*, 2014 WL 457942, at *3 (C.D. Cal. Feb. 3, 2014); *see also Zaltz v. JDATE*, 952 F. Supp. 2d 439, 451 (E.D.N.Y. 2013) ("[P]laintiff could not have become a member of JDate.com without first agreeing to the website's Terms of Service, which included the forum selection clause."). Thus, the Griffith Declaration, which describes the mandatory assent to the Membership Agreement, establishes that Plaintiffs assented to the forum selection clause.

#### B. The Forum Selection Clause is Valid

Plaintiffs contend the forum selection clause is invalid because it is unconscionable under California law and because it is unreasonable. (Opp., at 21:10-12). However, "federal courts apply federal law when determining the enforceability of a forum selection clause." *Budget Blinds, Inc. v. Mahmood*, 2010 WL 3001629, at *3 (C.D. Cal. July 29, 2010) (citing *Manetti-Farrow, Inc. v. Gucci Am.*, 858 F.2d 509, 513 (9th Cir. 1988)). Nevertheless, because the Court finds that some of Plaintiffs' arguments could be relevant under the federal law analysis, the Court discusses them below.

Under federal law, "forum selection clauses are *prima facie* valid and should not be set aside unless the party challenging enforcement of such provision can show it is 'unreasonable under the circumstances.'" *See Argueta*, 87 F.3d at 325 (quoting *M/S Bremen*, 407 U.S. at 10). A forum selection clause is "unreasonable" if: (1) its incorporation into the contract was the result of fraud, undue influence, or overweening bargaining power; (2) the selected forum is so gravely difficult and inconvenient that the complaining party will for all practical purposes be deprived of its day in court; or (3) enforcement of the

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:15-cv-03659-SVW-JEM | Date | February 5, 2016 |
|---|---|---|---|
| Title | *Lisa Sandler v. iStockphoto LP et al* | | |

clause would contravene a strong public policy of the forum in which the suit is brought. *Id.* at 325.

### 1. Fraud, Undue Influence, or Overweening Bargaining Power

Plaintiffs contend that the forum selection clause was the result of fraud or undue influence because it was incorporated into a form, "click-wrap" contract (i.e., the Membership Agreement). However, that the forum selection clause was included in a form "click-wrap" agreement does not by itself establish any impropriety. In fact, "[c]lickwrap agreements 'have been routinely upheld by circuit and district courts.'" *U.S. v. Drew*, 259 F.R.D. 449, 462 n.22 (C.D. Cal. 2009); *Merkin*, 2014 WL 457942, at *3; *see also IFC Credit Corp. v. United Bus. & Indus. Fed. Credit Union*, 512 F.3d 989, 992-93 (7th Cir. 2008) (noting that "[e]ver since *Carnival Cruise Lines* enforced a forum-selection clause printed in tiny type on the back of a cruise-ship ticket, it has been hard to find decisions holding terms invalid on the ground that something is wrong with non-negotiable terms in form contracts."). Click-wrap agreements serve a critical function for online businesses to ensure that terms of use are established before entering into a business relationship with consumers. The terms of the Membership Agreement, including the forum selection clause, were accessible for Plaintiffs to read prior to assenting to the terms. Even if Plaintiffs did not ultimately read the terms, Plaintiffs' failure to do so does not establish that the clause was the result of fraud or undue influence. *See Guadagno v. E*Trade Bank*, 592 F. Supp. 2d 1263, 1271 (C.D. Cal. 2008) (explaining that a party may be bound by a click-wrap agreement if the terms are clear and acceptance is unambiguous, regardless of whether he actually reads them).[2]

### 2. Convenience of Forum

Plaintiffs also cannot show that the "chosen forum would be so difficult and inconvenient that the party effectively would be denied a meaningful day in court." *Pelleport Investors, Inc. v. Budco Quality Theatres, Inc.*, 741 F.2d 273, 281 (9th Cir. 1984). Alberta, Canada is closer to California than many fora located in the United States (e.g., New York), and "courts have often enforced forum selection clauses even where litigation would be difficult and inconvenient." *Russell v. De Los Suenos*, 2014 WL 1028882, at *7 (S.D. Cal. Mar. 17, 2014).

---

[2] Moreover, when a business such as iStockphoto conducts itself in a manner that "by its nature, exposes it to potential litigation in different fora from plaintiffs from many locales," it has a "special interest in limiting the fora in which [it] might defend suit." *Brooks v. Sotheby's*, 2013 WL 3339356, at *5 (N.D. Cal. July 1, 2013).

:

Initials of Preparer

PMC

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:15-cv-03659-SVW-JEM | Date | February 5, 2016 |
|---|---|---|---|
| Title | *Lisa Sandler v. iStockphoto LP et al* | | |

In fact, in enforcing a similar forum selection clause, this Court previously held that "[w]hile the burden for plaintiff of litigating in Canada will no doubt be greater than the burden of litigating in California, this alone does not support a finding that plaintiff will be effectively deprived of its day in court." *LP Digital Solutions v. Signifi Solutions, Inc.*, 921 F. Supp. 2d 997, 1008 (C.D. Cal. 2013). Plaintiffs cite *Petersen v. Boeing Co.*, 715 F.3d 276, 279 (9th Cir. 2013), where the court noted that enforcing an employment contract's forum selection clause mandating proceedings in Saudi Arabia would effectively deprive the plaintiff of any remedy. However, in *Petersen*, the plaintiff had signed an employment agreement in the United States without a forum selection clause, only to be forced into signing a new employment agreement upon arrival in Saudi Arabia. Then, the plaintiff was denied his passport for three months and was "effectively imprisoned" there. *Id.* at 279. These exceptional circumstances are not analogous to the case at hand.

### 3. Contravention of Public Policy

Plaintiffs argue that California courts have refused to apply foreign forum selection clauses when doing so would impact rights provided by California law. *See, e.g., Van Slyke v. Capital One Bank*, 503 F. Supp. 2d 1353 (N.D. Cal. 2007); *America Online Inc. v. Superior Court*, 90 Cal. App. 4th 1 (2001). Moreover, Plaintiffs argue that the credits at issue were purchased by users in California, on a non-Canadian web address, for images downloaded outside of Canada, for use outside of Canada, under a Membership Agreement entered into outside of Canada. However, Plaintiffs chose to use the online service of a company that does business world-wide and is headquartered in Alberta, Canada. And while California courts may be more familiar with California unfair competition law, there is no evidence that bringing this case in Canada would contravene any strong California public policy.

Therefore, for the reasons stated above, the Court finds that the forum selection clause is valid.

### C. Public Interest Factors Favor Enforcement

As the Court has determined the forum selection clause is valid, it next considers whether the clause should be enforced under the factors espoused in *Atlantic Marine*.[3] In *Atlantic Marine*, the

---

[3] While Plaintiffs propose that *Martinez v. Bloomberg LP*, 740 F.3d 211 (2d Cir. 2014) limited

:

Initials of Preparer

PMC

**UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES - GENERAL**

| Case No. | 2:15-cv-03659-SVW-JEM | Date | February 5, 2016 |
|---|---|---|---|
| Title | *Lisa Sandler v. iStockphoto LP et al* | | |

Supreme Court instructed that "when the parties' contract contains a valid forum-selection clause," "the plaintiff's choice of forum merits no weight," and "the plaintiff bears the burden of establishing that transfer [or dismissal] . . . is unwarranted." 134 S. Ct. at 581. Moreover, courts "should not consider arguments about the parties' private interests . . . . [A] district court may consider arguments about public-interest factors only." *Id.* at 582. These factors include "the administrative difficulties flowing from court congestion; the local interest in having localized controversies decided at home; [and] the interest in having the trial of a diversity case in a forum that is at home with the law." *Id.* at 581 n.6 (quoting *Piper Aircraft*, 454 U.S. at 241 n.6). However, public interest factors will "rarely defeat" a forum selection clause. *Id.* at 582.

Plaintiffs contend public interest factors support the unenforceability of the forum selection clause. In support, Plaintiffs offer two newspaper articles noting how Canadian courts have become "overwhelmed with court congestion." (*See* Fernald Decl., Ex. A). However, the articles are of low probative value. The first article discusses civil cases in Ontario and the second article discusses criminal cases in Canada generally. Plaintiffs also argue that California has an interest in having localized controversies decided at home, California courts are more familiar with applying California law, and the low monetary damages per plaintiff would preclude Plaintiffs from pursuing this case in Canada. Although a state will always have some interest in deciding localized controversies, this alone does not satisfy Plaintiffs' heavy burden. There is no indication that Canadian courts cannot apply California law or will not provide Plaintiffs' requested remedy. Moreover, Plaintiffs' concern regarding low monetary damages per plaintiff applies to consumer class actions generally, regardless of venue. Ultimately, Plaintiffs have not satisfied their "heavy burden to show that these are 'extraordinary circumstances unrelated to the convenience of the parties' that would warrant denial of the *forum non conveniens* motion." *Monastiero v. appMobi, Inc.*, 2014 WL 1991564, at *4-5 (N.D. Cal. May 15, 2014).

Therefore, the public interest factors favor enforcement of the forum selection clause.

**IV.   Conclusion**

---

*Atlantic Marine* to transfers to other federal fora, (1) the Second Circuit ultimately enforced the forum selection clause requiring the plaintiff to litigate in England because the plaintiff had not shown sufficient hardship, and (2) in any event, the case is not binding on this Court. *Id.* at 229-300.

|  | : |
|---|---|
| Initials of Preparer | |
| | PMC |

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | 2:15-cv-03659-SVW-JEM | Date | February 5, 2016 |
| Title | *Lisa Sandler v. iStockphoto LP et al* | | |

For the foregoing reasons, the Court GRANTS Defendant's motion to dismiss on grounds of *forum non conveniens*. The motion is DENIED as moot in all other respects.

Initials of Preparer  PMC